CYRUS LAWTON, Appellant, v. JAMES GREEN, Respondent.

An order of reference, under section 222 of the Code, to ascertain damages upon an undertaking given upon the granting of an injunction, cannot be regularly granted until judgment has been entered; but where the order is entered by plaintiff's consent this obviates the objection.

The limit of liability upon such an undertaking is the amount specified therein, and the court has no power to make any allowance beyond that amount for disbursements. Referee fees upon the reference are part of the damages, and recoverable as such.

Accordingly, *held,* that an allowance for disbursements and referee fees over and above the sum specified in the undertaking was error.

Such a proceeding is not a proceeding " in the action;" it is a proceeding after judgment, constituting no part of the action, and the court has no power to give costs therein.

The order in such proceedings should be limited to fixing the amount of damages, and a provision therein requiring the plaintiff to pay the same is improper. The amount of damages so ascertained is conclusive upon the parties and the sureties, but payment can only be enforced by action upon the undertaking.

(Argued January 25, 1876; decided February 25, 1876.)

APPEAL from an order of the General Term of the Supreme Court in the second judicial department, modifying an order of Special Term confirming the report of a referee, to whom it was referred to ascertain and report the amount of damages sustained by the defendant in consequence of an injunction issued in this action at the instance of the plaintiff. (Reported below, 5 Hun, 157.)

This action was brought to recover damages for trespass upon lands claimed by plaintiff, being the shore in front of Beach avenue, on Long Island Sound, and to restrain defendant from removing sand from said premises. A temporary injunction was granted restraining such removal and restraining any interference with or disturbance of the same.

Upon the granting of the injunction in this action, the plaintiff, with a surety, entered into an undertaking under section 222 of the Code. The amount specified in the undertak-

Statement of case.

ing was $250, and the terms of the undertaking were, that the plaintiff would pay to the defendant such damages, not exceeding that sum, as he might sustain by reason of the said injunction, if the court should finally decide that the plaintiff was not entitled thereto. The original action was referred to a referee, who rendered a decision in March, 1871, that the complaint be dismissed, with costs. Thereupon, and on the 5th of April, 1871, no final judgment having then been entered in the action, an order was made with the consent of plaintiff referring it to a referee to ascertain and report what damages had been sustained by the defendant by reason of the injunction. The referee reported that he had ascertained and determined that the damages sustained by the defendant by reason of the injunction were $750. The principal item of damage was the clogging up the mouth of a drain opening on the premises. On the coming in of this report of the referee, an order was made confirming the same, and assessing the damages sustained by the defendant by reason of the injunction at $750, with ten dollars costs of the motion, and $380.38 for the disbursements and referee's fees paid on the reference; and it was ordered that the plaintiff pay to the defendant the amount within thirty days after the service upon him of a copy of the order. The General Term modified the order by reducing the amount of damages to $250.

Further facts appear in the opinion.

*N. D. Lawton* for the appellant. No assessment of damages was proper until judgment had been entered. (2 R. S., 370; *Wickes* v. *Southwickes*, 12 How. Pr., 170; *Sherman* v. *N. Y. Mills Co.*, 11 id., 269; *Leavitt* v. *Dabney*, 9 Abb. Pr. [N. S.], 373, 384; *Meth. Ch.* v. *Barker*, 18 N. Y., 465; Hoffman on Referees [ed. 1875], 134.) The undertaking was the only authority or foundation for the assessment of damages against plaintiff or his sureties. (*Cayuga Bridge Co.* v. *Magee*, 2 Paige, 116, 122; affirmed, 6 Wend., 85; *Leavitt* v. *Dabney*, 40 How. Pr., 277–284; 9 Abb. [N. S.], 373–383; *Garcia* v. *Sheldon*, 3 Barb., 232; *Lawton* v. *Green*, 5 Hun, 157; *Pat-*

*terson* v. *Bloomer*, 9 Abb. Pr. [N. S.], 27, 34.) The court could not order the payment of a greater sum than the amount stipulated in the undertaking. (*Hovey* v. *Rub. Tip Pencil Co.*, 6 J. S., 428.)

*Samuel Hand* for the respondent. The court had power to make the order of reference. (*Bangs* v. *Duckinfield*, 18 N. Y., 597; *Burkle* v. *Chapin*, 53 Barb., 488; 53 How. Pr., 155.) Plaintiff, by consenting to the order, waived any legal objection he might have had. (1 Hoff., 1; 18 N. Y., 592; *Pitt* v. *Davison*, 37 id., 235; 20 id., 62; *Waterberry* v. *Wood*, 29 How. Pr., 404; *Fisher* v. *Hepburn*, 48 N. Y., 1; Wil. Eq. Jur., 48.) The notice of discontinuance served by plaintiff showed that the action had been finally decided and the order of reference was properly made. (*Carpenter* v. *Wright*, 4 Bosw., 656; *Task* v. *Smith*, 19 How., 414; *Crocket* v. *Smith*, 14 Abb., 62; *Coats* v. *Smith*, 1 Duer, 664; *Mut. L. I. Co.* v. *Roberts*, 4 Sandf., 592; *Cumb. C. Co.* v. *Hoffman*, 39 Barb., 16.) The court could award to defendant the damages it ascertained he had sustained by reason of the injunction. (*Bangs* v. *Duckinfield*, 18 N. Y., 596; *Leavitt* v. *Dabney*, 9 Abb. Pr. [N. S.], 378; *Patterson* v. *Bloomer*, 37 How. Pr., 454.) Plaintiff's liability was not limited to the sum specified in the injunction. (Edwards on Referees, 227; *Powell* v. *Walworth*, 2 Mad. Ch., 183.)

CHURCH, Ch. J. The consent of the plaintiff to the order of reference obviates the objection that judgment had not then been entered. An order to ascertain damages is not regular until the judgment has been entered, but as the judgment was entered immediately after, the irregularity was formal and was waived by the consent to the entry of the order of reference.

The referee has not reported the items of damage which he awarded nor the facts or conclusions of law upon which his award was based. We are, therefore, required to give his finding the most favorable intendment. The plaintiff might

have compelled a more explicit finding. It is, to say the least, doubtful whether the injunction prevented the defendant from opening the mouth of the drain. The action was brought to restrain the defendant from removing sand from the beach, and a temporary injunction restrained such removal during the pendency of the action. Although the general words were used restraining the defendant from interfering with or disturbing the sand, yet looking at the objects and purposes of the action and the injunction, it would be difficult to hold that such a disturbance, as the removal of drift and sand from the mouth of the drain would be a violation of the injunction.

It appears that after the storm which filled up the mouth of the drain, the defendant applied to the plaintiff for a modification of the injunction to enable him to open it, and there is a direct conflict of evidence between the plaintiff and defendant as to what took place. The defendant testified that the plaintiff in substance claimed that the injunction restrained the opening of the mouth of the drain and refused to modify it, while the plaintiff testified that he told the defendant that the injunction did not restrain such opening, but if it did, that he would give him a stipulation to allow him to do it, which the defendant refused to accept.

We must assume that the referee decided in favor of the version of the defendant. If so, he had the opinion of both parties that such would be the effect of the injunction, which, in connection with the general language employed, would perhaps justify him in holding accordingly. In the absence of specifications by the referee, we cannot say that there were no damages sustained in consequence of the injunction, if the construction above indicated is given to it. There is evidence tending to show that the drain was liable to be filled up by the action of the water, and the defendant had been in the habit of opening it, and as we must presume, had the right to do so, and if he was prevented by the injunction, some damages would be caused thereby, and it is impossible to determine $250 is excessive.

The General Term reduced the damages to $250, the amount specified in the undertaking, and modified the order accordingly, but affirmed that part of the order which required the plaintiff to pay, in addition to the $250, the sum of $380.38, for disbursements and referee's fees paid by the defendant upon the reference to ascertain the damages; this allowance was ratified upon the ground that the court had power against the plaintiff in the action " to award the costs of any proceedings in the action." I think the learned judge erred in assuming that this was a proceeding "in the action;" the action was at an end ; final judgment had been entered therein. The reference was had in pursuance of section 222 of the Code, requiring an undertaking to be given upon granting an injunction, and providing for ascertaining the damages, by reference or otherwise, as the court shall decide. This proceeding constituted no part of the action. The section of the Code referred to was adopted as a substitute for the thirty-first rule of the Court of Chancery. Until that rule was adopted, the court had no power to award damages against a party for an injury occasioned by an injunction, even though it was determined in the action that the party was not entitled to it. Hence, neither the party nor his sureties are liable beyond the amount specified in the undertaking. (*Leavitt* v. *Dabney,* 9 Abb. Pr. [N. S.], 373 ; 2 Paige, 116 ; 3 Barb., 232 ; 40 How. Pr., 280.) We were referred to the general language in High on Injunctions (§ 962), that independent of statutory enactments, a court of equity has power, upon the dissolution of an injunction, to ascertain the damages and decree their payment. The authorities cited do not sustain the broad proposition laid down. The principal authority cited is *Sturgis* v. *Knapp* (33 Vt., 486), which proceeds upon the theory that when the court grants an injunction upon condition that the party gives certain security, jurisdiction is derived from the order, the condition impliedly being that the party shall pay all damages sustained, and that the bond is cumulative. Whether a special condition of this character might be made, which could be enforced by

the court, need not be considered. No such condition was inserted in the order nor can it be implied. The security required is provided for by statute. The court or judge fixes the amount, and the undertaking may be executed by the party alone or with sureties, and in either case, the measure of liability is the amount specified, and beyond that amount the court has no power to award damages. An action will lie against a plaintiff for all damages sustained, but it must be in the nature of, and have the elements of an action for malicious prosecution. (*Cox* v. *Taylor*, 10 B. Monroe [Ky.], 17.) But I can find no legal authority for sustaining any allowance upon this proceeding, beyond the sum specified in the undertaking. If we regard this as a special proceeding in which, by the act (chapter 270, Laws of 1854), the court may award costs in its discretion, we are met with the difficulty that the whole liability for damages is limited to the sum named. The expenses incurred on such a reference are a part of the damages, and may be recovered as such. (*Aldrich* v. *Reynolds*, 1 Barb. Ch., 613.) It follows that the item for disbursements cannot be sustained. The form of the order is also objectionable. It should be confined to fixing the amount of damages. When so ascertained, the amount is conclusive, both upon the party and his sureties, but payment can only be enforced by action upon the undertaking. The Code does not authorize the court to enforce payment by order, but only to ascertain the damages. The proper way is to limit the order to an adjudication upon the amount of damages, which amount must not exceed the sum named in the undertaking.

The order must be modified, so as to fix the damages by reason of the injunction at the sum of $250, without costs to either party in this court.

All concur.

Ordered accordingly.