By the Court.—Curtis, Ch. J.
—This action was commenced on June 10, 1864, to determine the title to a division or party wall, and restrain its demolition by the defendants, who were constructing an immediately contiguous building, a side wall of which was to replace this division wall. The same day an injunction was granted, restraining the defendants from interfering with the wall in question. On September 19, following, an order was made vacating the injunction, and this order was affirmed on appeal October 31, in the same year, the defendants being stayed during the pendency of the appeal. On October 2, 1865, a decision was rendered after a trial of the action at special term upon its merits, in favor of the defendants. Before the entry of judgment on this decision, and on October 7, 1867, an order of reference was made to Henry Mcoll, Esq., and substituting him in place of George C. Goddard, Esq., as sole referee, to ascertain what, if any damages, the defendants had sustained by reason of the injunction issued at the instance of the plaintiff.
Under this order of reference of October 7,1867, and never appealed from, both parties proceeded and contested the question of damages from December 23,1867, to March 28, 1871. The referee under this order, after having taken the testimony, made his report on July 13, 1871, and assessed the defendant’s damages at $8,085.24.
This amount being in excess of the amount of the undertaking, which was for $5,000, was erroneous, and the matter was referred back by the court to the same referee, to ascertain the damages, and with directions *457 to report the evidence already taken on the former order of reference in respect to damages, with the objections and exceptions also then taken by either party, and with leave to either party to furnish further testimony, and to the plaintiff to file exceptions to the report of the referee, and to any rulings by him made, and reserving all questions to be heard and determined on a motion to confirm the report. The order thus referring the matter back to the referee, was made October 4, 1875, and is the order first appealed from, by the plaintiff. In the mean time, and on June, 3, 1874, judgment in the action was entered in the defendant’s favor.
The referee then proceeded under this further order of October 4, 1875, both parties appearing before him, and additional evidence being taken for the plaintiff and the defendants. The referee reported the former proofs and additional evidence, all of which was under oath, and that the damages were over $5,000, but in view of the limitation of the undertaking, he assessed the damages at $5,000.
On June 8, 1877, this report was confirmed by the court, and the damages assessed at $5,000, and from this order of confirmation the plaintiff appeals. This is the second order appealed from by the plaintiff.
Two principal questions are raised by these appeals. First. Should the report of the referee be set aside, because the original order of reference was premature, and made before instead of after the entry of judgment? Second. What are the damages sustained by the defendants on the merits ?
In the case of Lawton v. Green (64 N. Y. 326), it was held that making an order of reference prematurely, as this was made, under section 222 of the code, to ascertain damages upon an undertaking given upon the granting of an injunction, was a formal irregularity *458 which was waived by the consent to the order of reference.
In the present case, both the original order of reference to Mr. Nicoll, and the subsequent order which is appealed from, appear, upon their face, to have been made with the acquiescence of the plaintiff, if not upon his consent or motion. Nothing indicates that there was any objection raised on the plaintiff’s part to the making of these orders.
If the original order was, as appears, formally irregular, neither party objecting to it, and both proceeding under it for over three years, and taking testimony and neither appealing from it, it must, in view of the decision in Lawton v. Green, be regarded as acquiesced in, and that the irregularity was waived.
Again, in respect to the subsequent and supplementary order of reference, which was appealed from, it cannot be held irregular upon the ground that it was, like the original or first ordor, prematurely made, as final judgment had been entered in the action long previously to its being made. Neither can it be held to be prejudiced by the irregularity in this original order, because that must be considered, for the reasons above stated, to have been waived.
Section 222 of the code directs that the damages caused by an injunction “may be ascertained by a reference or otherwise, as the court may direct.” This language confers full power upon the court to both order a reference for this purpose, or to proceed otherwise. It was not intended to be construed as precluding the court, upon the coming in of the report of the referee, especially when, as in this case, the damages were reported in excess of the limit of the undertaking, from referring the matter back, and by a further order directing the referee to report de noto as to the damages, and also to report to the court the entire evidence taken by him under its direction. Tht *459 case maybe one in which justice to the parties,, and due information to the court, requires this very course of procedure when the action of the referee comes up for confirmation. It is in consonance with what is reasonable, and with the practice of the courts under such circumstances, and accords with the provisions of this section of the code.
The referee’s return under the original order of reference, does not show that any objection was made by the plaintiff, until the close of the testimony, that there was an irregularity in the making of the order, or in proceeding under it. At the first hearing under the second order, the plaintiff objected to the evidence in the referee’s previous return, but assigned no ground for the objection.
The course taken by the plaintiff in respect to the orders of reference, and the proceedings on his part under them, must be construed, in the light of Lawton v. Green, as a waiver of the irregularity. If this conclusion is correct, it follows that the order appealed from, confirming the referee’s report, and overruling the exceptions of the plaintiff, should also be affirmed, unless there is some difficulty upon the merits.
The remaining question is, as to the amount of damages sustained by the defendants. The evidence supports the finding of the referee in this respect, that the damages exceeded the sum specified in the undertaking, and the referee in consequence reports only as damages the smaller amount mentioned in -the undertaking. It is true, as the referee states in his very carefully considered opinion, that the party claiming damages must do all he can to lessen them. There must be a reasonable construction given to this view. The perusal of the testimony fails to satisfy me that it would be reasonable and just for the defendants to be compelled to go on with their building, shoring up the floor timbers and corners on one side, and then. *460 afterwards, when the injunction was dissolved, have to drive piles, and construct a foundation, and build the wall upon it to meet the floor timbers. The evidence of the witnesses Mr. Boss and Mr. Demarest satisfies me, that to incur this extra expense, and to risk cracking and damaging the remaining walls, by the action of a pile driver operating necessarily inside of the unfinished structure, would have been imprudent, and no part of the duty of the defendants. There was no negligence on their part, in awaiting the dissolution of the injunction, which they had reason, as the result shows, to suppose would be dissolved, and that too, very probably, at an earlier day that it was dissolved.
There were some exceptions taken by the plaintiff to the rulings of the referee upon the admission of testimony, but they do not call for- the reversal of either of the orders appealed from.
The plaintiff objects that there was testimony given on the reference and reported to the court by the referee, which was not subscribed by the witnesses. This, like the premature making of the order of reference, is a formal irregularity, a mere matter of practice, the remedy for which is by motion for the purpose of securing its correction (National State Bank of Troy v. Hibbard, 45 How. Pr. 287). The object of exceptions is to bring up the merits of controversies for review, and not to correct omissions in mere matters of practice, as is justly said by Daniels, J., in the opinion in the above case. This objection of the plaintiff was made at the argument, and is not presented by any exception, nor does it appear that the attention of the referee was called to it.
The two orders appealed from should be affirmed with costs.
Freedman, J., concurred.