By the Court.—Freedman, J.
Since the decision of Leavitt v. Dabney (9 Abb. Pr. N. S. 373), it has been the settled law of this court that an undertaking executed by sureties on the procurement of an injunction, in which the plaintiff did not join, can only be *206 enforced against the sureties by action, and that in such action the amount allowed by the referee and confirmed by the court is the measure of recovery; that the only indemnity to a defendant for an injunction is the undertaking, and that the court has no power to award damages against the plaintiff by its judgment in the original action.
In the case at bar, the undertaking was executed by the plaintiff without sureties, but the rule that it can be enforced by action only, applies with equal force. There is no statutory provision that I have been able to find, empowering the court upon confirmation of the referee’s report to summarily order the plaintiff to pay the damages assessed, and. to enforce its order by attachment, and hence no such power exists. The right to imprison depends altogether upon statute law in this State. In Lawton v. Green (64 N. Y. 326), which was the case of an undertaking executed by the plaintiff and a surety, the court of appeals held :
“ The form of the order is also objectionable. It should be confined to fixing the amount of damages. When so ascertained, the amount is conclusive, both upon the party and his sureties, but payment can only be enforced by action upon the undertaking: The Code does not authorize the court to enforce payment by order, but only to ascertain the damages. The proper way is to limit the order to an adjudication upon the amount of damages, which amount must not exceed the sum named in the undertaking.”
The fact that in the present case the plaintiff acted as his own attorney, makes no difference. He had a right to appear in person or by attorney. In either case his liability is the same, and it wholly rests upon the undertaking. Any liability claimed beyond that, must be enforced in an action for malicious prosecution. Nor can it make any difference that the plaintiff *207 is an attorney and connselor-at-law, and as such an officer of this court. He brought the action to establish alleged rights as a copartner with the defendant in carrying on the St. Omer Hotel in this city, and consequently the court was not dealing with him as its officer in any matter within its summary jurisdiction.
The order must be modified by striking out the final part directing plaintiff to pay, with $10 costs and disbursements.
Speir, J., concurred.