ELIZA M. HARRISON and Another, as Executors, etc., Appellants, *v.* WILLIAM H. HARRISON and Others, Respondents.

*Injunction — costs of the action, how far included in the damages caused thereby — effect of the improper admission of evidence.*

The fact that an injunction was granted, pending an action which was decided in favor of the defendants therein, does not entitle the defendants to recover as damages all the costs and expenses incurred in the defense of the action; they are only entitled to recover the damages sustained by reason of the granting of the injunction.

Where no objection was taken to the admission of evidence offered, a reversal for the reason that such evidence was incompetent will not be granted.

In ascertaining the damages of a defendant resulting from an injunction there should be deducted from his cost of defending the action and vacating the injunction, as found by a referee, the amount of the costs awarded by the judgment to such defendant and paid by the plaintiff to the defendant's attorney.

APPEAL by the plaintiffs, Eliza M. Harrison and another, as executors, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 21st day of November, 1893, confirming the report of a referee.

This proceeding was brought to ascertain by a reference the amount of the damages sustained by the defendant by reason of an injunction having been granted in the action.

*Daniel Daly*, for the appellants.

*Michael A. Quinlan*, for the respondents.

PER CURIAM:

This proceeding was conducted on the erroneous theory that because an injunction was granted pending the action which resulted

in favor of the defendants, therefore, they were entitled to recover as damages all the costs and expenses incurred in defending the action; whereas they were only entitled to recover the damages sustained by reason of the granting of the injunction, which, so far as the evidence discloses, consisted of the expenses incurred in attempting to have it dissolved. But as no objection was taken to the admission of the evidence offered, a reversal for that reason will not be had.

The referee has found that the total cost to the defendants of the action and of this proceeding, including the expense of the motion to vacate the injunction, was $200; but it appears that the defendants were awarded by the judgment, and their attorney has received from the plaintiffs, $115, which sum the referee should have deducted from the total amount which he found had been incurred by the defendants in the action. (*Howell* v. *Miller*, 5 Month. Bull. 88.)

The order appealed from should be so modified as to direct that the plaintiffs pay to the defendants the sum of eighty-five dollars, and as so modified affirmed, without costs.

Present — Van Brunt, P. J., O'Brien and Parker, JJ.

Order modified as directed in opinion, and as modified affirmed, without costs.