CORPORATIONS (§ 557*)—TEMPORARY RECEIVER—APPOINTMENT—EVIDENCE.

The appointment of a temporary receiver, in an action for sequestration of the property of a corporation, authorized by Code Civ. Proc. § 1788, may not be made on the complaint alone, unsupported by any affidavit or other evidence.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 557.*]

Appeal from Special Term.

Action by Charles E. Federman against the Standard Churn Manufacturing Company. From an order appointing a temporary receiver, defendant appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Wellesley W. Gage, for appellant.

PER CURIAM. This action was brought for the sequestration of the property of the defendant, a domestic corporation. A motion was made for an order appointing a temporary receiver upon the complaint alone, unsupported by any affidavit or other evidence. From the order granting such motion, this appeal is taken.

This court said, in Kieley v. Barron & Cooke H. & P. Co., 87 App. Div. 317, 84 N. Y. Supp. 306:

"The court is authorized to appoint a temporary receiver in such an action (Code Civ. Proc. § 1788); but this does not justify the appointment of a receiver as a matter of right upon the bare allegations of the complaint alone. * * * This relief should not be awarded until final judgment, except in a case where it satisfactorily appears that it is essential to the protection of the plaintiff's rights. There was no proof before the court of the necessity for the appointment of a receiver prior to final judgment. * * * Facts and circumstances with reference to the condition and management of the corporate affairs, showing the necessity of the receivership pending the action in order to render effectual a final judgment in favor of the plaintiff, should have been shown."

This case was cited with approval in People v. Oriental Bank, 124 App. Div., at page 747, 109 N. Y. Supp., at page 509.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave to renew.

---

HARRISON v. HIND & HARRISON PLUSH CO. et al.

(Supreme Court, Appellate Division, First Department. November 6, 1908.)

1. INJUNCTION (§ 241*)—REFERENCE TO DETERMINE DAMAGES FROM INJUNCTION —COSTS.

By express provision of Code Civ. Proc. § 3251, on any reference specified in section 3236, which includes a reference under section 623 to determine the damages resulting from an injunction, the court or judge may award costs, not exceeding $10 besides necessary disbursements for referee's fees.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 241.*]

2. INJUNCTION (§ 241*)—DAMAGES—REFERENCE—FINDING.

 Though the liability of the sureties on an injunction bond is limited to the amount of the bond, even if the damages be more, and plaintiff is not liable for the damages from an unwarranted injunction, unless the action was brought and the injunction obtained maliciously, in which case recovery can only be had by an action for malicious prosecution, yet on a reference, under Code Civ. Proc. § 623, to ascertain defendants' damages from a preliminary injunction, the full amount thereof, though in excess of the bond, is properly found and reported.

 [Ed. Note.—For other cases, see Injunction, Dec. Dig. § 241.*]

Appeal from Special Term.

Action by Herbert B. Harrison against the Hind & Harrison Plush Company and others. From an order confirming the report of a referee, plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Abraham Benedict, for appellant.
George C. Lay, for respondents.

SCOTT, J. The plaintiff appeals from an order confirming the report of a referee as to the damages suffered by the defendant by reason of an injunction, and charging the plaintiff with the costs of the reference.

In March, 1907, the plaintiff obtained a preliminary injunction restraining certain corporate acts by the defendant corporation. The usual undertaking on injunction was given. The motion to continue the preliminary injunction was denied, and before trial the action was discontinued by order, upon condition that the plaintiff would stipulate that such discontinuance should be without prejudice to the rights of the defendants to enforce the undertaking on injunction and that the plaintiff should pay the defendants' taxable costs. The stipulation was given, although it was probably not necessary to preserve the defendants' rights, for the discontinuance of the action by the plaintiff was equivalent to a final decision that the plaintiff was not entitled to the injunction. N. Y. Cent. & H. R. R. R. v. Village of Hastings, 9 App. Div. 256, 41 N. Y. Supp. 492. Thereupon a reference was ordered to ascertain and determine the damages sustained by the defendant by reason of the injunction. Before the referee such damages, consisting wholly of counsel fees upon the motion to continue the injunction, were fixed without opposition at $500, and the referee reported that sum as the amount of such damages. The order appealed from confirms his report, and allows to the defendant the cost of the proceedings before the referee. The plaintiff now insists that the damages fixed cannot exceed the amount of the undertaking, and that in such damages must be included the taxable costs of the action and the expenses of the reference.

Reliance for this contention is placed upon Lawton v. Green, 64 N. Y. 326, and Harrison v. Harrison, 75 Hun, 191, 26 N. Y. Supp. 965. In Lawton v. Green it was held that the defendants' entire recovery was limited by the amount of the injunction bond (in that case as in

this $250), and that the court had no power to require the defendant
to pay, in addition to his provable damages, the expenses of the reference to ascertain the amount of such damages. That case was decided under the old Code of Procedure. The present Code of Civil Procedure expressly provides for the recovery of costs in such a case as this. Section 623 authorizes a reference in proceedings to assess the damages resulting from an injunction. Section 3236 provides for the allowance of motion costs, in the discretion of the court or judge, upon a reference made pursuant to section 623, and section 3251 provides that upon a reference specified in section 3236 the court or judge may award costs, not exceeding $10, besides necessary disbursements for referee's fees. O'Connor v. N. Y. & Yonkers Land Imp. Co., 8 Misc. Rep. 243, 28 N. Y. Supp. 544. In Harrison v. Harrison the court decided that in that case the taxable costs of the action must be deducted from the amount reported by the referee. It appeared, however, that the referee had erroneously included in the damages all the costs and expenses of defending the action, instead of limiting them, as he should have done, to the expense of procuring the vacation of the injunction. Since the general costs and expenses of the action constituted no part of the damages resulting from the injunction, the court, by deducting the taxable costs from the award, left to be recovered only the damages properly recoverable. Neither of these cases, therefore, is decisive of the present appeal.

It is further objected that, since the injunction bond is limited to $250, the referee should have found no greater damage than that sum. The referee was directed to ascertain the damage suffered by the defendants, and was bound to report in accordance with the proofs presented before him. The amount thus found, when confirmed by the court, is conclusive as to the amount of the damage suffered by the defendants, but does not determine the surety's liability, which is limited by the amount of the bond, as well as the amount of the damages as fixed. If the damages found amount to less than the amount of the bond, the surety is liable only for the amount so found. If the damages actually suffered by the defendants equal or exceed the amount of the bond, the surety becomes liable for the amount of his undertaking, and no more. It is unimportant to him, therefore, whether the amount of the damages be fixed at the exact amount of his undertaking or at a larger sum. It is likewise of no importance to the plaintiff what damages are fixed by the referee, for a plaintiff who obtains an unwarranted injunction is not liable to the defendant for the damages sustained thereby, unless the action has been brought and the injunction obtained maliciously, and then the damages can be determined and recovered only in an action for malicious prosecution. Lawton v. Green, supra; Mark v. Hyatt, 135 N. Y. 306, 31 N. E. 1099, 18 L. R. A. 275.

It follows that the order was right, and must be affirmed, with $10 costs and disbursements. All concur.