## CITY OF CHAMBERLAIN v. QUARNBERG.

An order extending the time for preparing and serving a bill of exceptions, reciting that the time was extended for "good cause shown," is conclusive on appeal in the absence of the evidence on which it was granted.

Where the bill of exceptions contained a full statement of the errors relied on by appellant with the exception of the assignment that the court erred in overruling plaintiffs motion for a new trial, which statement was made the assignment of errors in the abstract, the abstract was not objectionable as not containing an assignment of errors.

Rev. Code Civ. Proc. § 200, provides that, where no provision is made as to security on an injunction, the court shall require a written undertaking on plaintiff's part to pay the party enjoined such damages not exceeding a specified amount as he may sustain by reason of the injunction, if the court shall decide that plaintiff was not entitled thereto, that the damages may be ascertained by a reference or otherwise, as the court shall direct. Held that, where an undertaking for a restraining order was not executed by plaintiff, plaintiff was not liable thereon on dissolution of the order, and the court had no jurisdiction to order an assessment of damages against plaintiff by a reference in the action.

An undertaking for an injunction which was not executed by plaintiff 'was conditioned that the sureties would pay all costs and damages which should be awarded against plaintiff by reason of the wrongful issue of the injunction. **Held** that, under the condition of the undertaking, no judgment for damages could be rendered against the sureties on the injunction being dissolved, since no judgment could be rendered on such bond against plaintiff.

Where an undertaking for an injunction bound the sureties to pay all costs and damages which might be awarded against plaintiff by reason of the injunction not exceeding $2,500, a judgment could not be rendered against the sureties on dissolution of the injunction in excess of that sum.

(Opinion filed, February 24, 1909.)

Appeal from Circuit Court, Brule County. Hon. FRANK B. SMITH, Judge.

Action by the City of Chamberlain, a municipal corporation, against H. Quarnberg. A judgment was rendered for defendant, after which damages were assessed against plaintiff and its sureties for breach of an undertaking given for a restraining order, and plaintiff appeals. Reversed.

*Preston & Hannett,* for appellant. *James Brown,* for respondent.

CORSON, J. This case comes before us on appeal from the judgment of the circuit court entered upon the report of a referee appointed to assess damages in favor of the defendant and against the plaintiff the city of Chamberlain and J. W. Sanford, C. D. Tidrick, B. G. Watson, E. L. Drury, John Bowar, Wm. Lawson, and H. A. Hilderbrand, the sureties on a restraining order undertaking for the sum of $6,292.25, together with the costs of the proceeding, and from the order denying a new trial The action was commenced by the city of Chamberlain to restrain the defendant from proceeding to sink an artesian well in said city.

Before proceeding to discuss the merits, we will dispose of the objections made on the part of the defendant to the bill of exceptions and abstract. The respondent has filed an additional abstract in which, among other things, it is stated: "When the motion for settlement of the bill of exceptions came on for hearing, defendant's attorney filed the following written objections to such settlement: 'The defendant herein objects to the settlement of a

bill of exceptions herein on the ground that the same was not settled within the time allowed by law, or by the consent of parties, and because the order of this court dated December 30, 1904, extending the time in which to settle a bill of exceptions herein and to move for a new trial until January 21, 1905, was not based upon good cause shown; no sufficient cause having been shown for not having the bill of exceptions settled by January 1, 1905.'" After the court had signed the order settling the bill of exceptions and when the motion for a new trial was brought on before the court, defendant filed written objections to the hearing of said motion upon substantially the same grounds. These objections were overruled by the trial court and the defendant excepted. Upon the grounds stated in these objections to the bill of exceptions and on the hearing of the motion for a new trial, the respondent now moves this court to strike out the bill of exceptions, and contends that inasmuch as the bill of exceptions was not served within the time prescribed by law, and the additional time granted by the court upon good cause shown, the same should be stricken out by this court. But upon examination of the order made by the trial court, extending the time for preparing and serving the bill of exceptions, it is recited that the time was extended for "good cause shown," and, in the absence of the evidence upon which the same was based, the trial court's order is conclusive upon us. McGillycuddy v. Morris et al., 7 S. D. 592, 65 N. W. 14.

It is further contended that the abstract does not contain any assignment of errors, and therefore that the same cannot be considered in this case. But this contention is clearly untenable, as the bill of exceptions contains a full statement of the errors relied upon by the appellant, with the exception of the addition of the assignment that the court erred in overruling plaintiff's motion for a new trial, and are made the assignment of errors in the abstract. In the order issued by the court, it is "ordered that, upon the giving of an undertaking in the sum of $2,500 by the plaintiff conditioned to pay the defendant all damages suffered by defendant by reason of this injunction order, the defendant is restrained pending the hearing of this order to show cause from in any manner whatever further making or constructing or using the said

proposed artesian well mentioned in the plaintiff's complaint." In pursuance of the said order, an undertaking was executed the condition of which is as follows: "Now, therefore, we, J. W. Sanford and C. D. Tidrick and B. G. Watson and E. L. Drury, John Bowar, Wm. Lawson, and H. A. Hilderbrand, do hereby undertake that the said plaintiff will pay all costs and damages which may be awarded against the said plaintiff, city of Chamberlain, by reason of the wrongful enjoinment of the said defendant in the construction of the said artesian well, as ordered and enjoined in said order of injunction," signed by the persons above named, but not signed by the plaintiff. On the hearing of the order to show cause about a month after the same was executed, the said injunction order was dissolved by the said circuit court. Thereafter the cause was tried to the courts on the merits, and the court made its decision in the action on January 3, 1903, finding that plaintiff was not entitled to an injunction, and that defendant was entitled to judgment dismissing the action on the merits. On February 7, 1903, judgment was entered dismissing the action on the merits. On the 26th day of September, 1903, the court on the application of the defendant made the following order: "On the affidavit of James Brown it is ordered that A. E. Hitchcock be, and hereby is, appointed a referee to take testimony and ascertain the damages sustained by the defendant herein by reason of the injunction issued herein on September 26, 1902." Subsequently the referee heard the evidence, and on the 30th of December, 1903, made his report to the circuit court. Objections and exceptions to the report in writing were filed by plaintiff and overruled by the court, and thereupon the judgment appealed from was entered by the court, in which it is adjudged that "the court concludes as a matter of law from the findings of fact in said report that the defendant is entitled to recover from the plaintiff and from the said sureties on said injunction undertaking the said sum of $5,750, with interest thereon at the rate of 7 per cent per annum from June 14, 1903, and it is therefore adjudged that the defendant H. Quarnberg recover of the plaintiff, city of Chamberlain, a municipal corporation, and of J. W. Sanford, E. L. Drury, C. D. Tidrick, John Bowar, B. G. Watson, Wm. Lawson and H.

A. Hilderbrand, the sureties on said injunction undertaking, the sum of $5,750, with interest thereon at the rate of 7 per cent. per annum from June 14, 1903, being $542.25, making together the sum of $6,292.25, together with the costs of the proceedings. * * *" It will be observed (1) that the undertaking which was the basis of this proceeding culminating in the judgment herein was never signed or executed by the plaintiff the city of Chamberlain; (2) that the amount specified in the undertaking for which the sureties should be liable is $2,500; (3) that there is no stipulation in the undertaking authorizing that court to assess the damages that might be sustained by the defendant by the reason of the injunction order.

It is contended by the appellant, in effect, (1) that, as the undertaking upon the issuance of the injunction order was not ex-executed by the plaintiff, the city of Chamberlain, the judgment as against the plaintiff is unauthorized and null and void; (2) that the undertaking on the injunction order is not in the form prescribed by the code, and, as it does not contain any stipulation authorizing the court to assess the damages in a summary proceeding against the plaintiff and the sureties, the judgment as to them is unauthorized, and is therefore null and void, and that in no event can the judgment exceed the amount of $2,500 specified in the undertaking as against the sureties. We are of the opinion that the appellant's contention is clearly right, and must be sustained. Section 200 of the Revised Code of Civil Procedure provides as follows: "Where no provision is made by statute as to security upon an injunction, the court or judge shall require a written undertaking on the part of the plaintiff, with or without sureties, to the effect that the plaintiff will pay to the party enjoined, such damages, not exceeding an amount to be specified as he may sustain by reason of the injunction, if the court shall finally decide that the plaintiff was not entitled thereto. The damages may be ascertained by a reference, or otherwise, as the court shall direct." This section in our code is a verbatim copy of section 222 of the amended Code of New York in force at the time it was enacted in this territory. Rev. St. N. Y. (4th Ed.) pt. 3, c. 3, tit. 7. In Patterson v. Bloomer, 9 Abb. Prac. (N. S.) 27,

the identical question presented in the case at bar was presented and decided by the Supreme Court of New York and a similar judgment against the plaintiff, who had not executed the undertaking as a party thereto was reversed; the court holding that the plaintiff in an injunction suit is not liable upon the usual undertaking of sureties to pay any damages which may be sustained by the defendant by reason of the injunction unless he signs the undertaking as obligor, that the right to a reference to ascertain the damages so sustained exists only as against those who sign the undertaking, and that the remedy against a plaintiff who procures an injunction in a case in which he is not entitled to it is only by an action at law for damages unless he is a party to the undertaking. And the court in its opinion say: "It appears in this case that the appellant, whom the defendant seeks to charge upon the underaking given upon the issue of the injunction, was not a party to the undertaking. He did not sign it, and we do not see how it is possible to sustain the order that a judgment be entered against him for the amount awarded upon the reference. If the plaintiff in such a case does not sign the undertaking, there is nothing on which you can proceed against him in this method. * * * The right which the Code gives to the summary proceeding to ascertain the amount of damages by a reference is given only as against the parties to the undertaking." The New York Superior Court, General Term, takes the same view in Leavitt v. Dabney, 9 Abb. Prac. (N. S.) 373. These authorities are in point, construing as they do the section of the New York Code identical with section 200 of our own Code, and, while they may not be conclusive upon this court upon the theory that the Legislature of this state has copied the New York provision, and therefore taken with it the construction placed upon it by the courts of that state, yet they are entitled to great weight, and meet with our approval. The court therefore had no jurisdiction to order an assessment of damages as against the plaintiff, the city of Chamberlain; it not being a party to the undertaking, and its order therefore directing an assessment of damages as against the plaintiff and its judgment against the plaintiff, being clearly unauthorized, were null and void. Patterson v. Bloomer, 6 Abb. Prac. (N. S.) 446; 2

Waits, Prac. 125; Lindsay v. Flint et al., 4 Cal. 89; Lawton v. Green, 64 N. Y. 326. There being no legal award of damages as against the plaintiff, the further assessing of damages as against the sureties and the judgment against them were necessarily null and void, for the reason that by their undertaking the sureties had only undertaken to pay all costs and damages which might be awarded against the said plaintiff, the city of Chamberlain by reason of the wrongful enjoinment of the said defendant in the construction of said artesian well.

It will be observed that in the undertaking there is no stipulation such as was contained in the case of Edmison v. Sioux Falls Water Company, 10 S. D. 440, 73 N. W. 910, in which the sureties undertook pursuant to the statute that the said plaintiff would pay to the said company such damages as it might sustain by reason of the injunction if the court should finally decide that the plaintiff was not entitled thereto, and that the damages might be ascertained by a referee or otherwise as the court might direct, and which are also found in the undertaking in the case of Methodist Churches v. Barker et al., a leading case upon this question, in 18 N. Y. 463. The law is too well settled to require the citation of authorities that the undertaking of sureties cannot be extended by construction beyond the express stipulation contained in their contract. In the case last cited the court of Appeals of New York, speaking by Mr. Justice Comstock, in discussing this question, says: "Without undervaluing the general doctrine that judicial proceedings are binding only on those who are parties in some sense of the term or are privies, I am of the opinion that this case does not fall within the doctrine. The defendants are concluded, I think, by the force and effect of their contract. By their undertaking they engaged that their principal who obtained the order of injunction would pay to the parties enjoined such damages, not exceeding a certain sum, as they might sustain by reason of the injunction, if the court should finally decide that he, the principal, was not entitled thereto, 'such damages to be ascertained by a reference or otherwise, as the court should direct.' This undertaking was in the form which the statute prescribed. Code, § 222. The question, it appears to me, is one of interpreta-

tion merely. If the sureties in such an instrument undertake, in effect, that their principal shall pay whatever amount of damages shall be adjudged against him on a reference to be ordered by the court in the injunction suit, that amount, when thus ascertained, would seem to be the measure of their liability by the very terms of the contract. On general principles of law, the most solemn judgments do not conclude persons who are not parties or privies. But, if a man undertakes the payment of a judgment which may be recovered against another, he owes the amount of the judgment, when recovered, irrespective of its legal merits, because such is the nature of his contract. He cannot go behind the judgment, if there be no collusion, and allege that it is contrary to law. * * * The sureties cannot go behind the report when finally made and duly confirmed, because they have, by their contract, engaged to pay the damages occasioned by the injunction, to be ascertained in that precise manner." This case has been frequently cited and approved by the Court of Appeals and the Supreme Court of New York.

It will be observed that the undertaking in the case at bar contains no similar stipulation, and, in view of the fact that no damages can be awarded against the plaintiff in this proceeding, and that there is no stipulation in the undertaking authorizing the assessment of damages as against the sureties, the judgment as against them was clearly unauthorized, and null and void. The judgment also in excess of $2,500 as against the sureties was in any event unauthorized, as the liability of the sureties was limited to $2,500. This question was fully considered by the Court of Appeals of New York in the case of Lawton v. Green, 64 N. Y. 326, in which the court in discussing this question says: "The reference was had in pursuance of section 222 of the Code, requiring an undertaking to be given upon granting an injunction, and providing for ascertaining the damages by reference or otherwise, as the court shall decide. This proceeding constituted no part of the action. The section of the Code referred to was adopted as a substitute for the thirty-first rule of the court of chancery. Until that rule was adopted, the court had no power to award damages against a party for an injury occasioned by an injunction, even

though it was determined in the action that the party was not entitled to it.   Hence neither the party nor his sureties are liable beyond the amount specified in the undertaking.   Leavitt v. Dabney, 9 Abb. Prac. (N. S.) 373; Cayuga Bridge Co. v. Magee, 2 Paige 116; Garcie v. Sheldon, 3 Barb. 232; Leavitt v. Dabney, 40 How. Prac. 280. * * *

Whether a special condition of this character might be made, which could be enforced by the court, need not be considered.   No such condition was inserted in the order, nor can it be implied· The security required is provided for by statute.   The court or judge fixes the amount, and the undertaking may be executed by the party alone or with sureties, and in either case the measure of liability is the amount specified, and beyond that amount the court has no power to award damages. * * * But I can find no legal authority for sustaining any allowance upon this proceeding beyond the sum specified in the undertaking.   If we regard this as a special proceeding in which by the act (chapter 270, Laws 1854) the court may award costs in its discretion, we are met with the difficulty that the whole liability for damages is limited to the sum named."

Numerous other errors are assigned by the appellants and discussed in their briefs as to the admission and exclusion of evidence, and as to the findings of the referee, but, in the view we have taken of the case, it will not be necessary to discuss these assignments of error in this opinion.

The judgment of the circuit court and order denying a new trial are reversed.

HANEY, P. J. (concurring specially).   I concur in the conclusions announced in the foregoing decision, except as to the implication that in no case may the damages "be ascertained by a reference, or otherwise, as the court may direct," unless such provision is expressed in the undertaking; it being my view that the law reads such provision into every such undertaking when given pursuant to the statute.   Rev. Code Civ. Proc. § 200.

WHITING, J. (concurring specially).   I concur in the conclusion reached by my associates, to the effect that the judgment

herein and order refusing a new trial must be reversed, but prefer to base my decision on the grounds hereinafter stated without passing upon the questions discussed by my said associates. The reference in the lower court was ordered to "ascertain the damages sustained by the defendant herein by reason of the injunction issued herein on September 26, 1902." The injunction referred to is the restraining order authorized by section 201, Rev. Code Civ. Proc., not the one provided for by section 200 of such Code. Such section 202 authorizes the court, when granting an order to show cause why temporary injunction pending suit should not issue, to issue a restraining order pending the return day of such order to show cause, restraining defendant "in the meantime."

Bearing in mind then, the object of this restraining order provided by section 201, and the limitation placed by statute on the time it is to be in effect, we find that in the case at bar the trial court issued exactly the order contemplated by this section ; said order reciting: "Ordered that upon the giving of an undertaking in the sum of $2,500 by the plaintiff conditioned to pay the defendant all damages suffered by defendant by reason of this injunction order, the defendant is restrained, pending the hearing of this order to show cause." In pursuance of this order, the bond in question in this suit was given, under which the sureties bound themselves as follows: "Do hereby undertake that the plaintiff will pay all costs and damages which may be awarded against the plaintiff, city of Chamberlain, by reason of the wrongful enjoinment of the said defendant in the construction of said artesian well, as ordered and enjoined in said order of injunction." It is clear that neither the order nor the bond is the one contemplated by section 200 above mentioned. This order of September 26, 1902, could have been granted without a bond. The bond cannot be held to be of any effect after the hearing upon and determination of the order to show cause. This hearing was had on October 20, 1902, and on that date an order was made refusing an injunction pending trial (the injunction provided for by section 200), and such order of October 20th also specifically vacated and dissolved the order of September 26th. If an injunction had been granted on October 20th, the old bond of September 26th would

not have secured same, but a new bond would of necessity be required under said section 200, and certainly said bond cannot be extended in its effect beyond what the sureties contracted for, nor beyond what the order contemplated, especially when such order had expired by limitation contained therein and also by the express order vacating same. 2 Waits, Practice, 120; Town of Guilford v. Cornell, 4 Abb. Prac. (N. Y.) 221; Prader v. Grim, 13 Cal. 586; Hicks v. Michael, 15 Cal. 109. Upon the trial and over proper objections interposed, the referee admitted evidence covering damages claimed by defendant for a period long after October 20, 1902. In fact the far greater part of the damages allowed must have been for the time after October 20th.

For this reason, regardless of the points discussed by my associates, I am of the opinion that the judgment of the trial court and order denying new trial should be reversed.