## BROOKS v. RACICH ASBESTOS MFG. CO.

(Supreme Court, Appellate Division, First Department.    March 11, 1910.)

1. INJUNCTION (§ 186*)—INTERLOCUTORY INJUNCTION—DISSOLUTION—DAMAGES.

Though it is the general rule that counsel fees for preparing for trial and trying a cause are not allowable as part of the damages caused by an injunction pendente lite, such fees are allowable, where defendant is forced to trial in order to get rid of the injunction and the liability for counsel fees upon the trial is incurred solely or principally because of the injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 403; Dec. Dig. § 186.*]

2. INJUNCTION (§ 186*) — INTERLOCUTORY INJUNCTION — DISSOLUTION — DAMAGES.

Counsel fees for services on a reference to ascertain the damages caused by an injunction pendente lite may be recovered as part of the damages.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 403; Dec. Dig. § 186.*]

3. INJUNCTION (§ 186*)—INTERLOCUTORY INJUNCTION—DISSOLUTION—DAMAGES —DEDUCTION.

The general taxable costs in the action which were taxed and paid constitute no part of the damages sustained by reason of the injunction and should not be deducted from damages found by the referee.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 186.*]

Appeal from Judgment on Report of Referee.

Action by Charles J. Brooks against the Racich Asbestos Manufacturing Company. From an order confirming the report of a referee, plaintiff appeals. Affirmed.

See, also, 120 N. Y. Supp. 1140.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Michael J. Horan, for appellant.

Ward M. Pickard, for respondent.

SCOTT, J.   The plaintiff appeals from an order affirming the report of a referee, and fixing the amount of damages suffered by defendant in consequence of an injunction pendente lite. The plaintiff was a stockholder in defendant, having paid in $6,500 on account of a $10,000 subscription. The purpose of the action was to restrain defendant from enforcing payment of the balance of the subscription, and incidentally to recover certain sums claimed to be due for rent and salary. An injunction pendente lite was granted upon motion after argument. At the trial the complaint was dismissed. Thereupon a motion was made to ascertain and determine the damages sustained by defendant by reason of the injunction, and a reference ordered as provided by section 623, Code Civ. Proc. The referee having reported, his report was duly confirmed, and this appeal is from the order of confirmation.

The only damages proven were counsel fees and the expenses of the reference, as to which the damages were fixed as follows: For counsel fees in preparing for trial and at the trial, $400; for counsel fees

on the reference to fix the damages, $200; and for referee's and stenographer's fees, $382. The amounts awarded for counsel fees were justified by the expert evidence as to their value. The referee's and stenographer's fees appear to be large, but an examination of the record indicates that they swelled by the unnecessarily prolix cross-examination of defendant's witnesses. The plaintiff, besides objecting to the amounts allowed, specifically objects: (1) That counsel fees for preparing for trial and trying the case should not have been allowed; (2) that counsel fees for services on the reference should not be allowed; and (3) that the general costs of the action, which were taxed and paid, should have been deducted from the damages. None of these objections are well taken.

First. It is undoubtedly the general rule that counsel fees for preparing for trial and trying the cause are not allowable as part of the damages sustained by reason of an injunction pendente lite. A well-recognized exception to this rule is found, however, in cases wherein the defendant is forced to trial in order to get rid of the injunction and the liability for counsel fees upon the trial is incurred solely or principally because of the injunction. Andrews v. Glenville Woolen Company, 50 N. Y. 282; Youngs v. McDonald, 56 App. Div. 14, 67 N. Y. Supp. 375, affirmed 166 N. Y. 639, 60 N. E. 1123. Such was the case here. The injunction having been granted on motion and after argument, there was nothing that defendant could do except to submit to it until the trial. The authorities cited by appellant, and which are claimed to state a different rule, rest, in the main, upon Hovey v. Rubber Tip Pencil Co., 50 N. Y. 335, and Newton v. Russell, 87 N. Y. 527. In these cases the refusal to allow counsel fees by way of damages was based upon the failure of the defendant to exhaust all available means to procure a dissolution of the temporary injunction before trial.

Second. The right to recover, as part of the damages, counsel fees upon the reference to ascertain the damages, is well settled. Youngs v. McDonald, supra; Lawton v. Green, 64 N. Y. 326; Aldrich v. Reynolds, 1 Barb. Ch. 613; Rose v. Post, 56 N. Y. 603. In the latter case, wherein such an item of damages was questioned, the court said:

"The law upon this question has been too long and well settled to admit of doubt as to the propriety of the allowance."

Harrison v. Hind & Harrison Co., 128 App. Div. 461, 112 N. Y. Supp. 834, from which the appellant quotes liberally as an authority against the allowance, by way of damages, of counsel fees for conducting the reference to ascertain the damages, does not consider that question at all, because no such damages had been allowed. The only counsel fees allowed as damages were those arising from the motion to dissolve the temporary injunction. The costs of the reference therein referred to were the statutory costs, and not the expense to which the defendant was put for counsel fees upon the reference. In Lawton v. Green, 64 N. Y. 326, the Court of Appeals recognized the right of a defendant to include in his damages the expenses incurred upon the reference to assess the damages, meaning thereby his

counsel fees, but could find no authority for including the referee's and stenographer's fees. That authority has now been supplied by the Code of Civil Procedure. Harrison v. Hind & Harrison Plush Co., supra; O'Connor v. N. Y. & Yonkers Land Co., 8 Misc. Rep. 243, 28 N. Y. Supp. 544.

Third. The general taxable costs in the action constitute no part of the damages sustained by reason of the injunction, and should not have been deducted from the damage found by the referee. In Harrison v. Harrison, 75 Hun, 191, 26 N. Y. Supp. 965, the referee had erroneously included in the damages the amount of the general costs of the action, and the court on appeal struck them out. In the present case the referee did not so include them.

The order appealed from is affirmed, with costs and disbursements. All concur.