SARAFIAN v. UNITED STATES FIDELITY & GUARANTY CO.  (No. 7127.)

(Supreme Court, Appellate Division, First Department.  April 23, 1915.)

INJUNCTION ⬡⇒239—LIABILITY ON INJUNCTION BOND—EXTENT OF LIABILITY.
   Under Code Civ. Proc. § 623, providing that the damages sustained by
   reason of an injunction may be ascertained and determined by the court,
   by a referee, or by a writ of inquiry or otherwise, section 3236, provid-
   ing that costs upon a reference pursuant to section 623 may be awarded
   absolutely or to abide the event to any party, in the discretion of the
   court or judge, and section 3251, providing that, upon a reference specified
   in section 3236, to each party to whom costs are awarded a sum not ex-
   ceeding $10, besides necessary disbursements, may be awarded, where the
   damages from an injunction to which plaintiff was not entitled amounted
   to the penalty of the injunction bond, the expenses of a reference to ascer-
   tain the damages were recoverable from a surety on the bond, as costs, in
   addition to the penalty, but counsel fees incurred upon the reference were
   recoverable only as damages, and could not be recovered in addition to
   the amount of the penalty.
   [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 529–537; Dec.
   Dig. ⬡⇒239.]

Appeal from Appellate Term, First Department.

Action by Sumpad H. Sarafian against the United States Fidelity &
Guaranty Company.  From a determination of the Appellate Term,
affirming a judgment for plaintiff for an insufficient amount, he ap-
peals.  Modified and affirmed.

See, also, 151 N. Y. Supp. 1143.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

Horace E. Parker, of New York City, for appellant.
Almond Dunbar Fisk, of New York City, for respondent.

SCOTT, J.  The action is upon an undertaking given by a plaintiff
in an action in the Supreme Court, to secure to the defendants in that
action such damages, not exceeding $250, as they might sustain by
reason of an injunction issued in said action, if the court finally decided
that the plaintiff was not entitled thereto; such damages to be ascer-
tained and determined by the court, or by a referee appointed by the
court, or by a writ of inquiry or otherwise, as the court shall direct.
It was finally decided by the Supreme Court that the plaintiff had not
been entitled to the injunction; by direction of the court it was refer-
red to a referee to ascertain and report the damages which the defend-
ant had suffered by reason of the injunction; the defendant Surety
Company had notice of and appeared on said reference; the referee
made his report, which was confirmed by the Supreme Court.  The
surety still refusing to pay, this action was commenced to enforce pay-
ment.  From the judgment in his favor, rendered by the Municipal
Court, the plaintiff appeals, claiming that said judgment is insufficient in
amount.

The referee found that the defendant in the action in the Supreme
Court (plaintiff's assignor) had suffered damages to the extent of $250
in consequence of the injunction; that the reasonable costs of the ref-

erence to ascertain the amount of damages, and which had been paid by plaintiff's assignor, were $95; and that a reasonable allowance to said assignor's attorney for services rendered upon the reference to assess the damages was $100. These several sums were approved by the Supreme Court, and the conclusiveness of that appeal is not questioned here; the only dispute being as to whether any of such expenses of the reference are properly chargeable against and should be paid by the defendant surety.

The defendant's claim is, and in this it has been sustained by the Municipal Court and the Appellate Term, that its ultimate and maximum liability is the amount of damages specified in its bond, to wit, $250, and that under no circumstances and upon no consideration can it be compelled to pay more than that sum. This contention is well taken to a certain extent; that is, that the damages, properly so called, arising from the issuance of the injunction, are limited to the amount specified in the undertaking. But the necessary and reasonable expenses of a reference to fix the damages are, in our opinion, to be considered, not as damages, but as costs incident to the proceedings to enforce payment of the damages. Properly speaking, they are not damages at all, but costs imposed by law, and are not included in the penalty of the bond.

The error in the judgment appealed from results from the failure of the trial court to properly differentiate between the damages resulting from the injunction and the costs provided for in the Code of Civil Procedure incident to the assessment of the damages. The respondent quotes at length from the opinion of this court in Harrison v. Hind & Harrison Plush Co., 128 App. Div. 460, 112 N. Y. Supp. 834, to the effect that the surety's liability upon an injunction bond for the damages suffered as a consequence of the injunction is limited by the amount of the bond, as well as by the amount of damage suffered. To that rule we still adhere, but it does not apply to this case. In the case cited, the appeal was from the order confirming the referee's report as to damages, which had been fixed at a sum exceeding the penalty of the injunction bond. There was no question involved as to whether or not the costs of the proceeding before the referee were chargeable against the surety, who was not even a party to the appeal. We did, however, in effect pass upon the question here involved. One of the claims made by the plaintiff appellant in that case was that the damages could not exceed the amount named in the undertaking, and that in said damages must be included the taxable costs of the action and the expenses of the reference. In answer to this we said:

"Reliance for this contention is placed upon Lawton v. Green, 64 N. Y. 326, and Harrison v. Harrison, 75 Hun, 191 [26 N. Y. Supp. 965]. In Lawton v. Green it was held that the defendant's entire recovery was limited by the amount of the injunction bond (in that case, as in this, $250), and that the court had no power to require the defendant to pay, in addition to his provable damages, the expenses of the reference to ascertain the amount of such damages. That case was decided under the old Code of Procedure. The present Code of Civil Procedure expressly provides for the recovery of costs in such a case as this. Section 623 authorizes a reference in proceedings to assess the damages resulting from an injunction. Section 3236 provides for the allowance of motion costs, in the discretion of the court or judge, upon a

reference made pursuant to section 623, and section 3251 provides that upon a reference specified in section 3236 the court or judge may award costs, not exceeding $10, besides necessary disbursements for referee's fees."

The sections of the Code above referred to clearly show that the expenses of the reference (exclusive of counsel fees) are costs and not a part of the damages. The counsel fees incurred upon a reference to assess damages resulting from an injunction are a part of the damages and recoverable as such, and must be so considered in enforcing the surety's liability. Lawton v. Green, supra; Brooks v. Racich Asbestos Mfg. Co., 137 App. Div. 280, 121 N. Y. Supp. 850.

Applying these considerations to the case at bar, we are of the opinion that the plaintiff is entitled to the $250 damages reported by the referee and approved by the court, the disbursements of the reference also approved and allowed by the court, amounting to $95, and the sum of $10 allowed as costs upon the confirmation of the referee's report, but not to the counsel fee paid upon the proceedings before the referee. As the facts are undisputed, and, being based wholly upon the records, are indisputable, it will not be necessary to order a new trial.

The determination appealed from will accordingly be modified, by increasing the judgment to the sum of $380.27, and, as so modified, affirmed, with costs to appellant in this court and at the Appellate Term. Settle order on notice. All concur.