LOUIS J. SNYDER, as Trustee under the Last Will and Testament of SAMUEL F. ENGS, Plaintiff, *v.* HELENA DAY SNYDER et al., Defendants.

(Supreme Court, Kings Special Term for Motions, March, 1919.)

Undertaking — party not joining in an, not liable thereon.

> Plaintiff who has not joined with the surety in an undertaking given to obtain an injunction, cannot be held liable thereon. So held on a motion for judgment on the pleadings.

MOTION for judgment on the pleadings.

. Mortimer Byers, for plaintiff.

Sexton, Jeffery, Kimball & Eggleston (Lawrence E. Sexton, of counsel), for defendants.

CROPSEY, J.  The question is whether a plaintiff who has given an undertaking upon securing an injunction, but has not joined in it with the surety, can be held liable upon it.  This arises on a motion for judgment on the pleadings.

At common law there was no liability of the party securing the injunction, though it was erroneously granted, unless it was obtained maliciously and then the action was. one for malicious prosecution.  *Harrison* v. *Hind & H. Plush Co.,* 128 App. Div. 460; *City of Yonkers* v. *Federal Sugar R. Co.,* 221 N. Y. 206, 208.  And the rule is the same now in this state except as modified by statute.  The complaint here does not plead any malice.  It is concededly an action on the undertaking.

The statute requires the party applying for an injunction to give an undertaking " executed by him, or by one or more sureties."  Code Civ. Pro. § 620. Under this, an undertaking signed by the party alone would suffice unless the court required a surety.  Or an undertaking signed only by a surety would meet the requirements.  It is not' necessary that the party should sign it.  But the undertaking must be " executed."  There is nothing in this section that makes the party liable unless he executes the undertaking.  It requires the party or surety to execute it. As the party would not be liable, if no undertaking were given, he cannot be liable under this section when he did not execute the undertaking which was given.  Had the legislature intended to make the party liable, though he did not join in the undertaking, why

did it prescribe that the undertaking must be executed and might be made only by the party? It seems plain that his liability is extended beyond that at common law only when he executes the undertaking. Furnishing an undertaking executed by a surety only does not make the party liable upon it. *Patterson* v. *Bloomer,* 9 Abb. Pr. (N. S.) 27; *Leavitt* v. *Dabney,* Id. 373, 381. While these cases were decided under the old Code of Procedure, they are still authorities, for section 222 of that Code, which related to this matter, required a written undertaking " on the part of the plaintiff, with or without sureties." And in a late case the Court of Appeals has said (*City of Yonkers* v. *Federal Sugar R. Co.,* 221 N. Y. 206, 209): " The rule is not changed where the plaintiff signs without sureties. The undertaking is still the source and measure of liability."

Motion granted. Complaint dismissed as to defendant Helena Day Snyder, with costs.

Motion granted.