CARRIE ASKELSEN, as Administratrix, etc., of LARS ASKELSEN, Deceased, Respondent, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ.

OLIVE M. BECKLES, as Administratrix, etc., of THOMAS V. BECKLES, Deceased, Respondent, v. BENJAMIN MACY, Defendant, and NEW YORK AND QUEENS ELECTRIC LIGHT AND POWER COMPANY, Appellant.— Order setting aside verdict and granting a new trial unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ.

ALICE M. BENSON, as Administratrix, etc., of IRA H. BENSON, Deceased, Appellant, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent.— Order and judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

SOPHIE BRAVERMAN, as Administratrix, etc., of JACOB BRAVERMAN, Deceased, Respondent, v. THE LONG ISLAND RAILROAD COMPANY, Appellant.— Judgment and order denying motion to set aside verdict unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ.

BRORI REALTY CORPORATION, Appellant, v. WILLIAM VORST and FRANK SAUTNER, Respondents.— Judgment unanimously affirmed, with costs, on authority of Radin v. Reizen (222 App. Div. 774; affd., without opinion, 248 N. Y. 552). Findings of fact numbered 8, 9, 11, 12, 13, 14, 15, 16 and 17, and conclusions of law numbered 2, 3 and 4, are reversed upon the ground of immateriality. Present — Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ.

PETER B. CROGHAN and Others, Respondents, v. DAVID STAMBLER and Others, Appellants, and THE CITY OF NEW YORK, Defendant.— Order modified so as to provide that the appellants be allowed, in addition to the damages found by the referee, ten dollars costs and disbursements, and one hundred dollars for referee's fees upon the reference, and as modified unanimously affirmed, with ten dollars costs and disbursements. There is no good reason disclosed by the record why the learned Special Term should have withheld from the defendants the costs and necessary disbursements incurred by them upon the reference except the item of thirty-four dollars and ten cents for stenographer's fees which is not allowable under section 1505 of the Civil Practice Act. (Sarafian v. United States Fidelity & Guaranty Co., 167 App. Div. 597.) Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

SALVATORE DEPHILLIPPI, Appellant, v. HARRY A. HAKOUN, Appellant, and CHARLES & COMPANY, Respondent.— Order setting aside verdict and granting a new trial unanimously affirmed both on the appeal of the plaintiff and the appeal of defendant Hakoun, with costs to defendant Charles & Company against the plaintiff, and with costs to the plaintiff as against defendant Hakoun. The discretionary power of the trial court to set aside the verdict was properly exercised. Present — Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ.