THE PACIFIC MAIL STEAMSHIP COMPANY, Appellant, *v.* WIL-
LIAM TOEL, Survivor, etc., Respondent.

Where a plaintiff, who has obtained a preliminary injunction, after it has
been served, enters an order vacating it, and subsequently, without the
consent of defendant, obtains an *ex parte* order discontinuing the ac-
tion, these orders are equivalent to a determination that plaintiff was
not entitled to the injunction, and defendant is entitled to an order of
reference to ascertain his damages by reason thereof.

(Argued June 14, 1881; decided June 21, 1881.)

The defendants advertised for sale under a mortgage two
steamships. The plaintiff thereupon commenced this action to
restrain such sale and for other relief, and obtained a temporary
injunction upon giving security in the sum of $1,000. Some
days after the injunction order had been served and in force,
plaintiff's attorney entered an order vacating and discharging
the injunction. After the cause was at issue and noticed for
trial, plaintiff obtained an *ex parte* order without consent of the
defendants, discontinuing the action upon payment of costs.

Thereafter, upon motion of defendants a referee was appointed
to ascertain the damages sustained by them by reason of the in-
junction. A hearing was had before such referee, and he report-
ed the damages at $4,284.25, and his report was confirmed at
the Special Term. The plaintiff appealed from the order of con-

firmation to the General Term, and there the damages were reduced to $1,000, the amount of the undertaking. The plaintiff then brought this appeal.

The court say : " The orders vacating the injunction and discontinuing the action entered by the plaintiff are in effect a determination, or at least equivalent to a determination, that the plaintiff was not entitled to the injunction granted. (*Palmer* v. *Foley*, 71 N. Y. 111 ; *Benedict* v. *Benedict*, 76 id. 600.)

We cannot inquire now whether or not the plaintiff was in fact entitled to the injunction. That matter, for the purpose of this proceeding, has been conclusively established against it.

The only matter litigated before the referee was the amount of damages to be awarded to the defendants. As to that matter we do not perceive that he committed any error which has not been corrected by the General Term. The evidence warranted the amount of damages given at the General Term, and with its decision we cannot interfere "

*James P. Lowrey* for appellant.

*J. A. Shoudy* for respondent.

EARL, J., reads for affirmance.
All concur.
Order affirmed.