FOLEY *v.* SCHIEDEMANTEL *et al.*

(*Supreme Court, General Term, Second Department.*  February 8, 1892.)

1. ACTION ON INJUNCTION BOND—RIGHT TO INJUNCTION—RES ADJUDICATA.
   Where a preliminary injunction in an action is vacated, a subsequent verdict and judgment for defendant is conclusive against plaintiff's right to the injunction.

2. SAME—PLEADING—EVIDENCE.
   In an action on an undertaking for an injunction, defendants offered to show misrepresentation in the procurement of their signatures.  *Held* inadmissible, because not alleged in the answer.

3. SAME—AMENDMENT—NEW DEFENSE.
   Plaintiff moved to amend the pleadings in that respect.  *Held* properly refused, because constituting a new defense.

Appeal from circuit court, Richmond county.

Action by Thomas Foley against Theodore H. Schiedemantel and another.  From a judgment for plaintiff, defendants appeal.  Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*John R. Abney,* for appellants.  *Calvin D. Van Name,* (*S. F. Rawson,* of counsel,) for respondent.

DYKMAN, J.  This action is brought upon an undertaking made by the defendants upon an application for an injunction in an action in which Sarah A. Burke and Mary Burke were plaintiffs, and Thomas Foley and John Foley were defendants, to bar the defendants from all claim to certain real property, and to restrain them from interfering with the same.  The instrument was in the usual form, and by it the defendants undertook to pay the defendants in that action such damages as they might sustain by reason of the issuance of an injunction then applied for, not exceeding $250.  A preliminary injunction was obtained, which was subsequently vacated, except as to the house on the premises, and after that the cause was tried at the circuit, and a verdict was rendered for the defendants.  Upon the trial of this action, the defendants' counsel, at the close of the plaintiffs' case, moved to dismiss the complaint on the ground that it had not been shown that the court had finally decided that the plaintiffs in the injunction suit were not entitled to the injunction.  That motion was denied, and the defendants excepted.  Then the counsel for the defendants offered to show misrepresentation in the procurement of the signatures to the bond.  That was denied, as inadmissible under the pleading, and the defendants excepted.  Then the counsel for the defendants moved to amend the pleading in that respect, and that motion was denied also, and there was an exception.  Then the court directed a verdict for the plaintiffs for the full amount of the undertaking, to which the defendants excepted.  In relation to the first point, it is sufficient to say that the verdict

and judgment in the injunction suit in favor of the defendants was a final decision that the plaintiffs were not entitled to the injunction. *Steam-Ship Co. v. Toel,* 85 N. Y. 646; *Vanderbilt v. Schreyer,* 28 Hun, 61. The matter offered in evidence as a defense was not set up in the answer, and was properly rejected for that reason; and, as it constituted a new defense, the refusal to permit an amendment of the answer so as to include it was properly refused. The judgment and order denying the motion for a new trial should be affirmed.