NEW YORK CITY SUBURBAN WATER COMPANY and Others, Respondents, *v.* JOSEPH B. BISSELL and Another, Appellants.

*Order vacating an injunction — a judgment, entered by stipulation, dismissing the complaint — liability of the sureties upon the undertaking.*

An order vacating an injunction and discontinuing an action, whether entered voluntarily by the plaintiff, or after leave granted by the court upon his application, is in effect a determination that the plaintiff was not entitled to the injunction granted.

In an action in which an undertaking was given by the plaintiffs, upon the issuing of an injunction therein, the General Term reversed the order granting such injunction, and the decision of the General Term was affirmed by the Court of Appeals. Before the argument was had in the Court of Appeals and after the action wherein the injunction was granted had been noticed for trial, a stipulation was entered into, adjourning the trial of the action until after the decision of the Court of Appeals, which stipulation provided that if the order of the General Term, reversing the order granting the injunction, was affirmed upon the merits, the complaint in the action should be dismissed.

Upon the remittitur of the Court of Appeals, and such stipulation, judgment was entered in favor of the defendants, and a reference was ordered to ascertain the damages, to secure the payment of which the undertaking was given. Thereafter an action was brought upon such undertaking.

*Held,* that the judgment entered in pursuance of such stipulation was as binding upon the parties as though it had been recovered upon a trial ; and in the absence of fraud or collusion it was binding upon the parties to such undertaking.

APPEAL by the defendants, Joseph B. Bissell and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Westchester on the 3d day of November, 1893, upon the decision of the court rendered after a trial at the Westchester Special Term.

The action was brought against the obligors on an undertaking given upon the issuing of an injunction in an action brought against the plaintiffs herein. The trial court, in the case at bar, found as matters of fact that such injunction order was vacated by the General Term ; that subsequently the action in which the injunction was granted was noticed for trial by both parties, and thereafter an appeal was taken from the order of the General Term vacating the injunction ; that a stipulation was entered into between the parties to the action to the effect that if the Court of Appeals affirmed the order of the General Term upon the merits the complaint in that

action should be dismissed upon the merits, and it should be adjudged that the plaintiffs therein were not entitled to the preliminary injunction against the defendants; that the order of the General Term was affirmed by the Court of Appeals, and thereafter the defendants in such last-mentioned action made a motion for judgment, and an order was entered directing judgment for the dismissal of the complaint therein upon the merits; that a reference to ascertain the amount of damages that the defendants therein had sustained by reason of the injunction was ordered, and subsequently the referee reported the amount of such damages to be $1,000, which report was duly confirmed.

The undertaking upon which this action is brought was given in the action brought by Henry Huss and another against the New York and Mount Vernon Water Company and others, and was in form as follows:

"The above-named plaintiff having applied to one of the justices of this court for an injunction in the above-entitled action, restraining the defendants from making any transfer, assignment or disposition by way of consolidation or otherwise to the prejudice of plaintiff's rights in the stock of the defendant corporations as herein mentioned:

"Now, therefore, pursuant to the statute in such case made and provided, J. B. Bissel, of No. 37 West 50th street, in the city of New York, and Joseph M. Low, ot 18 Eagle Hotel,       street, in the city of Kingston, New York, jointly and severally undertake in the sum of one thousand dollars, that the plaintiff will pay to the defendants, or either of them so enjoined, such damages, not exceeding the sum of one thousand dollars, the before-mentioned sum, as they or either of them may sustain by reason of the injunction, if the court finally decides that the plaintiff was not entitled thereto; such damages to be ascertained and determined by the court or by a referee appointed by the court, or by a writ of inquiry or otherwise as the court shall direct.

"Dated NEW YORK, *Augst. 11th*, 1891.

"J. B. BISSEL.
"JOSEPH M. LOW.

*Alburtus Perry*, for the appellants.

*John B. Gleason*, for the respondents.

BROWN, P. J.:

Judgment was recovered against the defendants upon an undertaking given as security upon the issuing of an injunction in an action in which Duncan F. Cameron and another were plaintiffs, and the plaintiffs herein were defendants.

The only question presented upon this appeal is whether there has been a final decision that the plaintiffs in that action were not entitled to the injunction.

The General Term reversed the order granting the injunction, and the order of the General Term was affirmed by the Court of Appeals. (*Cameron* v. *N. Y. & Mt. V. Water Co.*, 133 N. Y. 336.)

Before the appeal from the order was argued in the Court of Appeals, and after the case had been noticed for trial, the parties entered into a stipulation adjourning the trial until after the decision of the Court of Appeals, and providing that if the order of the General Term was affirmed upon its merits the complaint should be dismissed and the judgment recite that plaintiffs were not entitled to the injunction.

Accordingly, upon presentation to this court of the remittitur from the Court of Appeals, a judgment was entered in accordance with the stipulation, and a reference ordered to ascertain the damages, to secure the payment of which the undertaking was given. The referee having made his report, and the same having been confirmed, this action was commenced.

The judgment entered pursuant to the stipulation is as binding upon the defendants as though it had been recovered upon a trial, and, in the absence of evidence of fraud or collusion, it is conclusive upon them. (*Conner* v. *Reeves*, 103 N. Y. 527; *Steinbock* v. *Evans*, 122 id. 551.)

Orders vacating an injunction and discontinuing an action, whether entered voluntarily by the plaintiff or after leave granted by the court upon his application, are in effect a determination that the plaintiff was not entitled to the injunction granted. (*Pacific Mail Steamship Co.* v. *Toel*, 85 N. Y. 646; *Amberg* v. *Kramer*, 29 N. Y. St. Repr. 958.)

The stipulation under consideration here was in effect a voluntary conditional discontinuance of the action by the plaintiffs. The right to the temporary injunction involved the merits of the case, and

that was recognized by the parties, hence the agreement that if the order of the General Term was affirmed on its merits the complaint should be dismissed upon the merits.

It would have been manifestly a waste of time to have tried the action after the decision of the Court of Appeals.

The appellants have cited many cases which they claim decide that where an action has been discontinued by agreement there is no liability upon the undertaking.

None of them are applicable to the facts here presented, but all are distinguished from the cases I have cited by the existence of some fact which takes them out of the rule governing a voluntary discontinuance by the plaintiff.

The stipulation here was not a settlement of the action. It contemplated its continuance if the order of the General Term should be reversed, but it recognized that a question of law arising upon the construction of the statutes of the State lay at the foundation of the plaintiffs' case, and if that should be decided adversely to their contention, the right to a judgment was destroyed, and it would be useless to try the action, and so it was agreed that if the decision upon the legal question was against the plaintiffs' claim the complaint should be dismissed.

The judgment entered upon that stipulation has determined that the plaintiffs were not entitled to the injunction.

The judgment appealed from is affirmed, with costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.