BRADLEY, J.
—The temporary injunction was modified, and afterwards, on the plaintiff’s motion, which was opposed by the defendant, leave was granted to the plaintiff to discontinue the action without costs, and it was discontinued accordingly by the plaintiff. Thereupon the order appealed from was moved for by the defendant, and granted. The undertaking on the part of the plaintiff was made pursuant to the statute, and was to the effect that the plaintiff would pay to the defendant such damages, not exceeding the sum specified in the undertaking, as the defendant might sustain by reason of the injunction, if the court finally decided that the plaintiff was not entitled to it. Code, § 620. The discontinuance of the action without the consent of the defendant was equivalent to a final determination of the court that the plaintiff was not entitled to the injunction. Wynkoop v. Van Beuren, 63 Hun, 500; 45 S. R. 325 ; Water Co. v. Bissell, 78 Hun, .176; 60 S. R. 244; Manning v. Cassidy, 80 Hun, 127; 61 S. R. 788; Steamship Co. v. Toel, 85 N. Y. 646. As we view the rule declared and adopted in those cases, the plaintiff has failed to so distinguish in principle the present case from those above cited as to deny their application to it. In Palmer v. Foley, 71 N. Y. 106, the discontinuance of the action was by stipulation of the parties. In Benedict v. Benedict, 15 Hun, 305, Id., 76 N. Y. 600,—it did not appear that the plaintiff was not entitled to the injunction. ’ And in Apollinaris Co. v. Venable, *885 136 N. Y. 46, 48 S. R. 848, the defendant procured the dismissal of the complaint and dissolution of the injunction for a collateral cause arising subsequently to the commencement of the action ; and, while holding that there was no final determination that the plaintiff was not entitled to an injunction to support a motion for reference to ascertain damages, the court recognized the rule above stated,—that the discontinuance of an action without the consent of the defendant, in which an injunction has been issued, is equivalent to a final determination by the court that the plaintiff was not entitled to it for the purposes of the relief, founded upon the undertaking for damages. The defendant is not aided by these or any cases to which our attention is called.
The order should be affirmed.
All concur.