MURPHY v. REDDY.

(Supreme Court, Appellate Division, First Department.  July 2, 1897.)

REVIEW ON APPEAL.

When a case is heard by the court without a jury, and no exceptions to its decision are filed, the judgment cannot be reviewed on appeal.

Appeal from special term.

Action by James D. Murphy against Patrick Reddy.  This was a suit in equity to require defendant to remove certain stones placed by him on plaintiff's premises, and was tried by the court at special term. A decision in favor of the plaintiff, stating concisely the grounds upon which the issues were decided, was filed by the court, pursuant to section 1022, Code Civ. Proc., and no exceptions thereto were filed by the defendant.  Defendant appeals.  Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and PARKER, JJ.

M. E. Duffy, for appellant.

M. J. Scanlan, for respondent.

PER CURIAM.  No exceptions being filed, the judgment must be affirmed, with costs.

---

(18 App. Div. 407.)

BOOTH et al. v. KINGSLAND AVE. BLDG. ASS'N et al.

(Supreme Court, Appellate Division, Second Department.  June 29, 1897.)

1. MECHANIC'S LIEN—CANCELING NOTICE AND SUMMONS.

A motion was made to cancel and discharge of record a notice of mechanic's lien, and the summons, complaint, and notice of pendency of the action to foreclose the same, on the ground that the summons had not been served, and no action had been commenced to foreclose the lien.  A reference was ordered to determine the facts, and thereafter an order was entered granting the motion, and directing judgment for the moving party for costs.  Held, that such judgment was without authority of law, and should be vacated.

2. SUMMONS—AFFIDAVIT OF SERVICE.

Where an affidavit of service of summons is made by the plaintiff's attorney, who states that he is such attorney, and made the service, and appends to the summons his office and post-office address, the absence of a statement of the age and the residence of the affiant may be supplied by the court's knowledge that its officer is over 21 years of age, and by the statement of his office address; and, if the technical defect were fatal, an opportunity to supply the proof should be afforded.

Appeal from special term, Kings county.

Action by William Booth and others against the Kingsland Avenue Building Association and others.  From an order and judgment entered thereon, plaintiffs appeal.  Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

E. B. Barnum, for appellants.

Augustus J. Koehler, for respondents.

HATCH, J. The action herein was brought to foreclose a mechanic's lien. There was no appearance or answer served by the defendants, and, if the action was in fact commenced, the defendants were in default. The defendants claimed that in fact the summons and complaint were not served, and that no action has ever been commenced. In pursuance of this claim, the defendant corporation obtained an order to show cause why the notice of lien should not be discharged and canceled of record, together with the notice of pendency of the action and the summons and complaint. The affidavits in support of this motion tended to show that the summons and complaint had not been served. They were met by affidavits upon the part of the plaintiffs, tending to show that service was made. The court thereupon ordered a reference to take proof respecting this fact. Upon the reference a controversy arose as to who held the affirmative of the issue, and the referee ruled that the plaintiffs should make their proof first. The plaintiffs declined to offer any proof, claiming that it rested with the defendants, as they were the moving party, and thereupon the reference was closed, and the referee made his report of the proceedings. Thereupon the defendants moved at special term to confirm the referee's report, and to cancel of record the lien, lis pendens, and the summons and complaint, and for such further relief as might be proper. The court thereupon made an order that the summons and complaint, the notice of pendency of the action, and the mechanic's lien be vacated, set aside, and canceled of record, and that the clerk mark the same "Vacated, set aside, and canceled of record, by order of the court." The court further ordered that the defendants have the costs of the reference, to be taxed, and $10, costs of the motion, and that the defendants have judgment against the plaintiffs therefor. Upon this order the defendants entered a judgment against the plaintiffs for the sum of $49.34, and authorized execution therefor. From this order and judgment the plaintiffs appeal.

The only matter before the court upon either motion was an application to cancel the lien, and discharge it of record, together with the summons and complaint and lis pendens, and for such further relief as was consistent with such application, to which may be added a motion to confirm the referee's report. As to it, there was nothing to confirm, nor was confirmation necessary, if there were, as its only office was to aid the conscience of the court. No judgment was asked for, nor was any authorized upon the application which was made. As there could be no final determination of any issue, none was presented upon which judgment could be based. Code Civ. Proc. § 1200. The authority to enter a judgment must rest upon an issue either of fact or law, and, of necessity, presupposes an existing action. In the present case the only matter entitling the moving party to any relief lay in the fact that there was no action pending. It is difficult, therefore, to perceive how it could obtain relief if an action were pending, or how it could obtain a judgment if no action existed. If no action were pending, it was not entitled to judgment, and, if an action existed, then the motion should have been denied. The order of the court determined that the action was not pending, in consequence of which it had no authority to direct a judgment. Authority for the

collection of the costs awarded upon the motion is provided for in Code Civ. Proc. § 779. No authority is therein granted to enter a judgment, and award execution therefor. This judgment was entered without any authority in law. It must, therefore, be reversed and set aside.

The order of the learned judge below was in part based upon the fact that there was no formal proof of service of the summons and complaint, as required by section 434 of the Code, and by rule 18 of the supreme court. It is quite true that the proof was defective in certain technical requisites required by the rule. The residence and age of the affiant are entirely missing. But these facts, in substance, appeared before the court from the papers submitted upon the motion. The opening statement of the affidavit made by the plaintiffs' attorney is that he is the plaintiffs' attorney, and served the summons and complaint upon the defendant corporation and upon Gustav Hesse, the other defendant. The court is presumed to know its officers, and may take judicial notice that they are at least 21 years of age. The residence of the affiant is not given, but his office and post-office address was appended to the summons, and sworn to by a clerk in his office. These papers were before the court. In all other essential respects, the affidavit of plaintiffs' attorney is in compliance with the rule showing good service, while it answers every requirement of the section of the Code above cited, and constitutes good proof of service, for present purposes, at least. We think that the view of the affidavit upon which the court rested its decision was technical to the last degree. If it were fatal, the court should have required that the proof be supplied, in view of the fact that the omission was of formal proof, rather than a defect of substance. We think that its formal character was sufficient in resistance of the motion. Upon all the proof, we think the motion to cancel and discharge the lien should have been denied.

For these reasons the judgment and order should be reversed, and the motion denied, without costs, and leave given to the defendants to serve an answer in 10 days from the entry and service of the order entered herein. All concur.