STRAUS v. GUILHOU et al.

(Supreme Court, Appellate Division, First Department. February 6, 1903.)

**1. ATTACHMENT—VOLUNTARY DISCONTINUANCE.**

Where defendant in attachment has not appeared, except specially, to move to vacate the service of summons and warrant of attachment, plaintiff has the right to discontinue the suit.

**2. SAME—JUDGMENT FOR DEFENDANT'S COSTS AND DAMAGES.**

Where, on plaintiff's motion, an attachment suit, in which defendant had not appeared, except specially, to move to vacate service of summons and warrant of attachment, was discontinued, a judgment against plaintiff for defendant's costs and damages could not thereafter be entered in the suit.

**3. SAME—ACTION ON UNDERTAKING.**

Discontinuance of an attachment suit on plaintiff's motion, but without the consent of defendant, was equivalent to a final determination that plaintiff was not entitled to the attachment, and gave defendant an immediate right of action on the undertaking executed by plaintiff pursuant to Code Civ. Proc. § 640, providing that, before the granting of a warrant of attachment, plaintiff must give an undertaking to the effect that if defendant recovers judgment, or if the warrant is vacated, plaintiff will pay the damages sustained by defendant by reason of the attachment proceedings.

Appeal from special term, New York county.

Action by Hugo Straus against Aaron Guilhou and others. From an order modifying an order of discontinuance, and from a judgment entered therein, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Charles L. Cohn, for appellant.
Julius Miller, for respondents.

McLAUGHLIN, J. This action was commenced by the service of a summons by publication, and a warrant of attachment was obtained

against defendants' property, under which a levy was made. Thereafter the defendants, by an attorney, appeared specially for the purpose of moving to vacate the attachment and the order of publication. Intermediate the argument of the motion and its determination, the plaintiff, with the permission of the justice before whom the motion was pending, applied, ex parte, to, and obtained from, a justice sitting in another part of the court, an order discontinuing the action and withdrawing the attachment. Subsequently the defendants appeared in the action, and moved to modify the order of discontinuance by inserting therein a provision to the effect that the defendants be permitted to enter judgment against the plaintiff dismissing the complaint. The order was granted, and judgment entered dismissing the complaint, from both of which plaintiff appeals.

We are of the opinion that the order appealed from should be reversed, and the judgment vacated. The plaintiff had a right to discontinue the action at the time the order was made. The defendants had not appeared, except for the sole purpose of moving to vacate the service of the summons and the warrant of attachment; and the relief which they sought by this motion was, in effect, accomplished when the order of discontinuance was made, and the warrant of attachment withdrawn. Thereafter there was nothing upon which a judgment could be entered. The authority to enter a judgment, of course, rests upon the determination of an issue, either of fact or law. It is the decree of the court as to the result of the issue raised. Booth v. Association, 18 App. Div. 407, 46 N. Y. Supp. 457. The action having been discontinued, there was no issue of any kind between the parties. The contention of the respondents that they are entitled to have a judgment, in order that they may recover the damages sustained by reason of the levy under the warrant of attachment, amounts to nothing. The undertaking which the plaintiff gave in order to obtain the warrant fully protects them in this respect. It complied with section 640 of the Code of Civil Procedure, which provides that if the defendant recovers judgment, or if the warrant is vacated, the plaintiff will pay all costs which may be awarded to the defendant, and all damages which may be sustained by reason of the attachment, not exceeding the sum specified in the undertaking, which must be at least $250. The discontinuance of the action without the consent of the defendants, and the withdrawal of the attachment, were equivalent to a final determination that the plaintiff was not entitled to the attachment, and the defendants thereupon became entitled to an order of reference to ascertain the damages they had sustained by reason of the granting of, and levy under the warrant of, attachment. Steamship Co. v. Toel, 85 N. Y. 646; New York Cent. & H. R. Co. v. Village of Hastings on Hudson, 9 App. Div. 256, 41 N. Y. Supp. 492; Wynkoop v. Van Beuren, 63 Hun, 500, 18 N. Y. Supp. 557; Water Co. v. Bissell, 78 Hun, 176, 28 N. Y. Supp. 938; Manning v. Cassidy, 80 Hun, 127, 30 N. Y. Supp. 23. The discontinuance was in effect a final adjudication of the action, and determined that the plaintiff was not entitled to the attachment, and this gave an immediate right of action upon the undertaking.

If we are correct in this, then it necessarily follows that the judg-

ment should be vacated, the order appealed from reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.