HUGO STRAUS, Appellant, *v.* "AARON" GUILHOU, the Name "AARON," Being Fictitious, and Others, Said Defendants Being Copartners Trading under the Name of "A. GUILHOU FRERE AINE," Respondents.

*Discontinuance of an action and withdrawal of an attachment, pending a motion to vacate the attachment and the order of publication of the summons — right of the defendant to a judgment dismissing the complaint — remedy upon the undertaking given on the issuing of the attachment.*

After the service of the summons in an action by publication and the levying of an attachment against the defendants' property, the defendants' attorney appeared specially and moved to vacate the attachment and the order for the publication of the summons. Intermediate the argument of the motion and its determination the plaintiff, with the permission of the justice before whom the motion was pending, applied *ex parte* for and obtained an order discontinuing the action and withdrawing the attachment.

*Held,* that the plaintiff had a right to discontinue the action at the time the order of discontinuance was made, and that it was improper for the court, on motion of the defendants, to modify the order of discontinuance by inserting therein a provision to the effect that the defendants might enter judgment dismissing the complaint;

That it was not necessary for the defendants to enter judgment in order to recover the damages sustained by reason of the levy under the warrant of attachment;

That the discontinuance of the action without the consent of the defendants and the withdrawal of the attachment were equivalent to a final determination that the plaintiff was not entitled to the attachment, and gave the defendants an immediate right of action upon the undertaking given to secure the warrant of attachment.

APPEAL by the plaintiff, Hugo Straus, from an order of the Supreme Court, made at the New York Special Term and entered

in the office of the clerk of the county of New York on the 1st day of December, 1902, permitting the defendants, upon an order of discontinuance entered on the 10th day of November, 1902, to enter judgment dismissing the complaint herein, and also from a judgment entered in said clerk's office on the 1st day of December, 1902, upon said order of discontinuance.

*Charles L. Cohn,* for the appellant.

*Julius Miller,* for the respondents.

McLaughlin, J. :

This action was commenced by the service of a summons by publication, and a warrant of attachment was obtained against defendants' property, under which a levy was made. Thereafter the defendants, by an attorney, appeared specially for the purpose of moving to vacate the attachment and the order of publication. Intermediate the argument of the motion and its determination the plaintiff, with the permission of the justice before whom the motion was pending, applied, *ex parte,* to and obtained from a justice sitting in another part of the court, an order discontinuing the action and withdrawing the attachment. Subsequently the defendants appeared in the action and moved to modify the order of discontinuance by inserting therein a provision to the effect that the defendants be permitted to enter judgment against the plaintiff, dismissing the complaint. The order was granted and judgment entered, dismissing the complaint, from both of which plaintiff appeals.

We are of the opinion that the order appealed from should be reversed and the judgment vacated. The plaintiff had a right to discontinue the action at the time the order was made. The defendants had not appeared, except for the sole purpose of moving to vacate the service of the summons and the warrant of attachment, and the relief which they sought by this motion was in effect accomplished when the order of discontinuance was made and the warrant of attachment withdrawn. Thereafter there was nothing upon which a judgment could be entered.

The authority to enter a judgment, of course, rests upon the determination of an issue, either of fact or law. It is the decree of the court as to the result of the issue raised. (*Booth* v. *Kingsland*

*Avenue Building Association,* 18 App. Div. 407.) The action having been discontinued there was no issue of any kind between the parties. The contention of the respondents that they are entitled to have a judgment in order that they may recover the damages sustained by reason of the levy under the warrant of attachment amounts to nothing. The undertaking which the plaintiff gave in order to obtain the warrant fully protects them in this respect. It complied with section 640 of the Code of Civil Procedure, which provides that it must be to the effect that if the defendant recovers judgment, or if the warrant is vacated, the plaintiff will pay all costs which may be awarded to the defendant and all damages which may be sustained by him by reason of the attachment, not exceeding the sum specified in the undertaking, which must be at least $250. The discontinuance of the action without the consent of the defendants, and the withdrawal of the attachment, were equivalent to a final determination that the plaintiff was not entitled to the attachment, and the defendants thereupon became entitled to an order of reference to ascertain the damages they had sustained by reason of the granting of and levy under the warrant of attachment. (*Pacific Mail Steamship Co.* v. *Toel,* 85 N. Y. 646 ; *New York Central & H. R. R. R. Co.* v. *Village of Hastings,* 9 App. Div. 256 ; *Wynkoop* v. *Van Beuren,* 63 Hun, 500 ; *New York Suburban Water Co.* v. *Bissell,* 78 id. 176 ; *Manning* v. *Cassidy,* 80 id. 127.) The discontinuance was in effect a final adjudication of the action and determined that the plaintiff was not entitled to the attachment, and this gave an immediate right of action upon the undertaking.

If we are correct in this, then it necessarily follows that the judgment should be vacated, the order appealed from reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and HATCH, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.