NATIONAL SURETY CO. v. UNIVERSAL TRANSP. CO., Inc.

(Circuit Court of Appeals, Second Circuit. February 14, 1919.)

No. 168.

1. APPEAL AND ERROR ⊜⇒794—CIRCUIT COURT OF APPEALS—MOTION TO DISMISS OR AFFIRM.

While infrequent, motions to dismiss or affirm are well recognized in the Circuit Court of Appeals.

2. APPEAL AND ERROR ⊜⇒1126—WRIT FOR DELAY—AFFIRMANCE.

The defenses, propounded by traverse to scire facias to obtain execution, being without merit, and the writ of error taken to overruling thereof appearing to be taken for purposes only of delay, judgment will be affirmed on motion.

In Error to the District Court of the United States for the Southern District of New York.

Scire facias by the Universal Transportation Company, Incorporated, against the National Surety Company to obtain execution. Judgment for execution (252 Fed. 293), and the Surety Company brings error. Heard on motion to dismiss or affirm. Affirmed.

Kirlin, Woolsey & Hickox, of New York City (John M. Woolsey, of New York City, of counsel), for the motion.

William J. Griffin, of New York City (T. Langland Thompson and James S. Darcy, both of New York City, of counsel), opposed.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge. This plaintiff in error was surety on a bond given to secure the demand of the party plaintiff or libelant in the cases which finally reached us as The Ada, 250 Fed. 194, 162 C. C. A. 330, and Rederiaktiebolaget v. Universal, etc., Co., 250 Fed. 400, 162 C. C. A. 470. As the result of the decision last mentioned, judgment for a very large sum was duly docketed in favor of the Universal Company and against the Rederiaktiebolaget.

Execution thereupon having been returned nulla bona, and the above-named surety company, as surety, failing to pay on demand, the execution plaintiff (Universal Company) procured from the court below, in which said judgment was docketed and where the surety company's bond remained of record, a writ of scire facias, commanding the surety company to show cause why execution should not issue against it for the amount of the aforesaid judgment.

The surety company filed a traverse in which it first denied any jurisdiction to issue the writ, and then in substance asserted that, because Universal Company had not succeeded in all the claims it had advanced against the Rederiaktiebolaget and its steamship Ada, and had attempted to collect its final judgment, first by ordinary execution, then through proceedings supplementary thereto, and also by suit against the surety company and on the bond, in the courts of New York, and had done all these things before resorting to scire facias, therefore said Universal Company was "estopped from asserting, claiming, or recovering any amount" from the surety company "by, through,

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

or from" the bond it had admittedly executed and delivered for the very purpose of securing the demand which had finally been reduced to judgment.

The lower court heard the issues of the traverse before a jury; the plea to the jurisdiction Judge Mayer overruled (opinion reported in 252 Fed. 293); he also overruled the other matters called defenses, and directed judgment that execution issue. All stays of proceedings were refused, and, although this writ was promptly brought, execution did issue against the surety company, which then duly satisfied the writ by payment to the United States marshal. This motion asks for a dismissal on the ground that after such satisfaction this suit "presents no actual controversy" and must therefore be regarded as moot.

[1] While infrequent, motions to dismiss or affirm are well recognized in this court. Rhederi, etc., Oceana v. Holland, 241 Fed. 990, 154 C. C. A. 663. It has been held that, in order to entertain the alternative motion to affirm, there must be color of right to a dismissal. Hinckley v. Morton, 103 U. S. 764, 26 L. Ed. 458; Sire v. Ellithorpe, etc., Co., 137 U. S. 579, 11 Sup. Ct. 195, 34 L. Ed. 801.

There is here at least color for a motion to dismiss, inasmuch as it is difficult to see how any reversal by us in this wholly ancillary and dependent scire facias proceeding can effectively cause or justify restitution of money paid in legal effect upon the judgment in Rederiaktiebolaget v. Universal Co. (a judgment which we ourselves ordered and which is not attacked).

[2] But this is possibly apex juris, and we prefer to grant the motion to affirm on the ground that the defenses propounded in the traverse are wholly without merit. So far as the jurisdictional question is concerned, Judge Mayer has stated the law with sufficient fullness, and we approve his opinion. As to the rest of the traverse, we regard it as frivolous, and are of opinion that this writ was taken for purposes only of delay.

Judgment affirmed, with costs.