THORVALD OLESEN, Plaintiff, *v.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, March 8, 1932.

Neil P. Cullom [*James E. Freehill* of counsel], for the plaintiff.

Thomas E. White [*R. Elliott Davis* of counsel], for the defendant.

DINEEN, J. The plaintiff is suing the defendant for $390.34. The defendant admits the sum of $250, but denies liability as to the balance. The facts are as follows: The plaintiff in this action was the defendant in the action of Donegan v. Olesen, which had been pending in the Supreme Court, New York county. In the action of Donegan v. Olesen, certain property of Olesen was attached, and Donegan filed an undertaking which was approved. In the said undertaking filed in the Supreme Court action it was provided that Donegan would pay all costs which may be awarded and all damages which the said Olesen might sustain by reason of the attachment not to exceed the sum of $250.

Subsequently the attachment was vacated, and Olesen moved for an order appointing a referee to assess the damages, which motion was granted. Hearings were duly had, Olesen's damages were fixed by the referee, and a motion was duly made to confirm the referee's report, which motion was granted, the order of confirmation providing that Olesen sustained damages in the sum of $750, and further ordered that the costs and disbursements of the reference, to wit, the referee's fee, which is fixed at $100, and the stenographer's fees to be taxed by the clerk, together with ten dollars costs of this motion, be, and the same hereby are, awarded to Olesen. All of these proceedings were had upon notice to this defendant.

Query: Is the plaintiff entitled to recover the expenses of the reference to assess the damages, which expenses were taxed pursuant to an order of Mr. Justice CHURCHILL of the Supreme Court dated January 21, 1932, and which costs and expenses amount to $140.34?

The provision of the bond submitted by this defendant in the action of Donegan v. Olesen in the Supreme Court which is involved in this proceeding reads as follows: " Now, therefore, the Fidelity and Deposit Co. of Maryland, having an office and principal place of business for the State of New York, at No. 55 Liberty Street, in the Borough of Manhattan, in the City of New York, hereby undertakes, pursuant to the statute, that if the defendant, namely Olesen aforesaid recovers judgment herein, or if the warrant of attachment is vacated, the plaintiff above named, namely Donegan will pay all costs which may be awarded to the said defendant, Olesen and all damages which the said defendant Olesen may sustain by reason of the attachment, not exceeding the sum of $250."

Unquestionably, in a proceeding to ascertain damages on the ground that a warrant of attachment was improperly granted, the person against whom the warrant of attachment was granted is entitled to an order of reference to ascertain the damages sustained

by reason of the granting of and the levy under the warrant of attachment. (*Straus* v. *Guilhou*, 80 App. Div. 50.) It has been held in an injunction proceeding that the reasonable expenses of a reference to fix the damages are not a part of the damages resulting from the injunction, but are costs incident to proceedings to enforce payment of the damages. (*Tannenbaum* v. *North Star Park Corporation*, 184 N. Y. Supp. 338.)

The bond involved in this case sets forth that the defendant will pay all costs which may be awarded and all damages which may be sustained not exceeding the sum of $250. The court has examined the case on appeal in *Sarafian* v. *United States Fidelity & Guaranty Co.* (167 App. Div. 597). The undertaking was to the following effect: " Now, therefore, pursuant to the statute in such case made and provided the United States Fidelity and Guaranty Company, having an office and usual place of business at 47 Cedar Street, in the City of New York, undertakes in the sum of $250 that the plaintiff will pay to the defendant so enjoined, such damages, not exceeding the before mentioned sum, as it may sustain by reason of the injunction, if the court finally decides that the plaintiff is not entitled thereto: Such damages to be ascertained and determined by the court, or by a referee appointed by the court, or by a writ of inquiry or otherwise as the court shall direct."

There was nothing said in the aforementioned bond about the costs that might be awarded, and the case accordingly is not in point. As Mr. Justice Scott said (167 App. Div. at p. 598), writing for the court: " Properly speaking, they are not damages at all, but costs imposed by law, and are not included in the penalty of the bond." In the instant case the costs are included in the penalty of the bond. It is the opinion of this court that it was well within the contemplation of the parties that, if the warrant of attachment was vacated, necessary steps would have to be taken for the purpose of assessing the damages sustained because of the issuance of the warrant of attachment. Such proceedings would result in the imposition of costs. The provision, therefore, in the undertaking that " the plaintiff would pay all costs which may be awarded and all damages that the defendant will sustain not exceeding the sum of $250," meant the damages sustained because of the issuance of the warrant of attachment plus the costs imposed in assessing such damages. By the terms of the undertaking, therefore, the defendant in this case limited its liability to $250.

Judgment for the plaintiff after trial for $250.