UNIVERSAL CREDIT COMPANY, Plaintiff, *v.* SIMON BLINDERMAN and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Third District, April 7, 1936.

*Goodman & Werner*, for the plaintiff.

*Isaiah Sorrin*, for the defendant Simon Blinderman.

WATSON, J.   In an action brought in this court to foreclose a lien on chattel plaintiff issued a warrant of seizure commanding a marshal of the city of New York to seize a certain automobile sold to the defendant Blinderman under a conditional sales contract. The marshal seized the vehicle and served upon the garage owner, in whose possession the vehicle was found, the warrant of seizure and accompanying papers, as well as the summons in the action. The service of these papers is said to have been made in compliance with sections 60 and 71 of the Municipal Court Code which authorize service upon the agent of the defendant, in whose possession the property is found, in actions of this type, where personal service of

the summons has not been previously made. Blinderman failed to appear or answer and judgment by default was entered against him, directing the foreclosure and sale of the seized automobile, and the same was sold by the marshal pursuant to said judgment. Subsequently Blinderman moved to vacate the judgment and warrant of seizure on the ground that the attempted service on him by leaving the papers with the garage owner was inadequate to confer jurisdiction upon the court and that the default judgment was, therefore, void and the warrant of seizure of no effect. Upon the denial by this court of his application an appeal to the Appellate Term, First Department, was taken, resulting in the reversal of the order denying his motion, the court holding that there being no general appearance in the action by Blinderman and no summons having been served upon him the court was without jurisdiction to enter judgment *in rem* or *in personam*. The judgment was accordingly set aside and the warrant of seizure vacated. Blinderman now seeks an order of reference to assess his damages.

It is difficult to reconcile Blinderman's position in the instant application with the one which he assumed in his motion to vacate the default judgment and the warrant of seizure. It would be an anomaly to have a defendant say in the same breath that the court is incompetent to afford plaintiff the relief sought in the action, because neither the defendant nor his property was before it, but that it has jurisdiction in the same action to grant relief, such as assessing damages in his favor, against the plaintiff.

" It is an elementary principle, recognized in all the cases, that in order to give binding effect to a judgment of any court, whether of general or limited jurisdiction, it is essential that the court should have jurisdiction of the person as well as the subject matter, and that the want of jurisdiction over either may always be set up against a judgment when sought to be enforced or when any benefit is claimed under it." (*Shaul* v. *Fidelity & Deposit Co. of Maryland*, 131 Misc. 401, 404.) The inconsistency of the defendant's position is more apparent by a brief reference to the general principle of law enunciated in all the cases on the subject. " A judgment *in personam* is void unless the court had jurisdiction of the persons involved. The court must have jurisdiction of plaintiff, or person in whose favor it was rendered, and also of defendant or person against whom it was rendered. Accordingly, a judgment for, or against, one not made a party to the action, or who was not duly served and who did not voluntarily appear, or who for any reason was no longer before the court, is wholly void." (33 C. J. 1074.) In the light of this clearly established principle of law, on what basis does this defendant seek to assess his damages in the

action which fell for lack of the court's jurisdiction of his person and of his property?

*Straus* v. *Guilhou* (80 App. Div. 50), cited by defendant in support of his contention, is not in point. There the defendants appeared specially for the purpose of moving to vacate the attachment and the order of publication. Intermediate the argument of the motion and its determination the plaintiff obtained an *ex parte* order discontinuing the action and withdrawing the attachment. Thereafter the defendants appeared generally and obtained an order modifying the order of discontinuance so as to permit the entry of judgment dismissing the complaint. Upon an appeal from the order as modified the Appellate Division, First Department, reversing the order, held that when the order of discontinuance was made and the warrant of attachment withdrawn there was nothing upon which a judgment could be entered. The reversal of that order in effect declared that the general appearance of the defendants at that stage of the action was ineffective since the action had been terminated before the same was made. That determination left the defendants precisely where they were before they attempted to appear generally in the action. Since there was no determination on defendants' motion to vacate the attachment and the order of publication of the summons, the defendants were properly before the court as though no attack on the court's jurisdiction had been made by them. The discontinuance of the action without their consent and the withdrawal of the attachment were equivalent to a final determination that the plaintiff was not entitled to the attachment, and the defendants thereupon became entitled to an order of reference to ascertain the damages they had sustained by reason of the granting of, and levy under, the warrant of attachment. That was the remedy of the defendants in the action as between the immediate parties, even though they had another remedy, namely, the immediate right of an independent cause of action against the surety on the undertaking.

*Olesen* v. *Fidelity & Deposit Co. of Maryland* (147 Misc. 38), an action brought in the Municipal Court, is not helpful to the defendant's contention. The plaintiff in that action was the defendant in the Supreme Court action of *Donegan* v. *Olesen* wherein certain property of Olesen was attached and Donegan filed an undertaking. Olesen appeared generally in the action and was successful in vacating the attachment. His damages were assessed by the Supreme Court and he subsequently sued in the Municipal Court to recover of the surety on the undertaking the amount of his damages.

In each of the other cases cited by the defendant there was a general appearance. I have been unable to find any authority holding to the effect that where the court was without jurisdiction of the person of the defendant or of his property, the defendant has the right to assess damages against the plaintiff in that action.

Concluding that the defendant Blinderman is not entitled to the relief sought herein by reason of the adjudication that the court lacked jurisdiction *in personam* or *rem*, it is unnecessary to pass upon the question of whether this summary remedy is available in suits other than those involving warrants of attachment and injunctions.

The motion to assess damages is denied.