KEHAYA v. AXTON et al.

District Court, S. D. New York.
March 29, 1940.

274

William Harman Black, Myron J. Klehan and Mitchell S. Fisher, all of New York City, for plaintiff.

Hodges, Reavis, Pantaleoni & Downey, of New York City, and Woodward, Dawson & Hobson, of Louisville, Ky. (C. Frank Reavis and Martin D. Jacobs, both of New York City, and Ernest Woodward, of Louisville, Ky., of counsel), for individual defendants.

Riegelman, Hess & Strasser, of New York City (Walter J. Fried, of New York City, of counsel), for Axton-Fischer Tobacco Co., defendant.

WOOLSEY, District Judge.

I refuse to include in the conclusions of law the thirteenth conclusion of law proposed by the plaintiff, and have stricken it out.

The findings of fact and the other conclusions of law proposed I have signed and am filing with certain corrections and additions.

I. In my memorandum opinion filed March 15, 1940, D.C., 32 F.Supp. 266, at page 273, I stated that the commencement of any ancillary proceeding to enforce damages on the attachment bond or undertaking—hereinafter referred to as the bond —must await final judgment in this cause. The defendants' counsel have, however, by the provisions of their proposed conclusions of law No. 13, sought to initiate such a proceeding prematurely.

That proposed procedure may not be followed herein and is not in accordance with my opinion filed March 20, 1940, after I had a chance to correct the oral opinion dictated at the end of the trial.

II. There are several reasons why the ancillary proceeding herein to recover under the bond must be an ancillary to the proceeding in this cause and dependent hereon.

This is a cause removed from the New York Supreme Court for New York County, and the original attachment bond was filed by the plaintiff in that Court. We have in the files of this Court only a copy thereof certified as part of the removal record, as shown by their proposed thirteenth conclusion of law.

The objective of the personal defendants is to recover under this bond—

(1) The costs, disbursements and allowances taxed in favor of the personal defendants, and

(2) Other damages suffered by them by reason of the attachment. Cf. Thropp v. Erb, 255 N.Y. 75, 174 N.E. 67, 71 A.L.R. 1455.

The claim of the defendants, therefore, is based on a bond filed in another Court and includes, besides costs to be taxed herein, also other items of additional damage, and, consequently, even if the writ of scire facias had not been abolished—Federal Rules of Civil Procedure, rule 81(b), 28 U.S.C.A. following section 723c—their claim would not be within the ambit of the sanction of that writ under the practice which I devised, and successfully followed in Universal Transportation Company v. National Surety Company, D.C., 252 F. 293, affirmed on appeal, 2 Cir., 256 F. 450. Therein the writ of scire facias only issued after judgment.

The writ of scire facias operates only on papers filed in the Court wherefrom it issues.

Even in that case under the writ of scire facias, the National Surety Company was given a period of twenty days to traverse the writ, and then a chance to have a separate trial thereon.

The printed record on appeal of that writ of scire facias, of which I have a borrowed copy in my Chambers, will show the procedure followed if counsel for either party desires to examine it there.

Doubtless a summary procedure analogous to the writ of scire facias could easily be devised in a proper case for recovery under papers filed in Court. Cf. Federal Rules of Civil Procedure, Section 81(b).

Concededly the New York Code of Civil Procedure, explicit though it is in most details, does not prescribe the method of enforcing the damages to which the defendants are entitled under a plaintiff's attachment bond.

█ The Indemnity Company, by objecting to summary jurisdiction, in effect asks for its day in Court on its liability as surety under the plaintiff's attachment bond. It is entitled to its day in Court thereon.

█ The question before me as to the forum, having jurisdiction, wherein that day shall be had, is a question entirely governed by my discretion. Russell v. Farley, 105 U.S. 433, 446, 26 L.Ed. 1060. My power to give judgment for damages on an attachment bond after a summary hearing is undoubted. Cf. Pease v. Rathbun-Jones Engineering Co., 243 U.S. 273, 278, 37 S.Ct. 283, 61 L.Ed. 715, Ann.Cas.1918C, 1147; Straus v. Guilhon, 80 App.Div. 50, 52, 80 N.Y.S. 180.

The ancillary dependent proceeding hereinafter prescribed shall be heard before me or such referee or special master as I may appoint. To achieve this an order as herein indicated may be entered.

█ III. Costs and taxable disbursements and allowances are not customarily taxed by the Court as the defendants in their proposed thirteenth conclusion of law seem to imply.

The costs and taxable disbursements and allowances which I have given to the defendants must be taxed before the *Clerk,* and *must be taxed before a judgment is entered* herein.

Thus one item of the damages under the bond will be fixed in orderly fashion.

█ IV. The fact that the proceeding to enforce the Indemnity Company's liability on the attachment bond is ancillary to and dependent on this cause, disposes of all questions of subject matter jurisdiction if there be any involved. E. g. Universal Transportation Company v. National Surety Company, D.C., 252 F. 293, affirmed 2 Cir., 256 F. 450, wherein both parties were corporations of New York State.

█ All questions of venue were waived by the Indemnity Company when it filed the attachment bond in a State Court in territory covered by the Southern District of New York, with the possibility always impending of having the cause in which it filed its bond removed to this Court.

█ V. The ancillary dependent proceeding above mentioned may be commenced by the personal defendants so soon as the final judgment is entered in this cause and must follow the course prescribed for a non-jury civil action by the Federal Rules of Civil Procedure.

I have reserved to myself jurisdiction of all motions in said ancillary dependent proceeding, and so soon as it is at issue, on application being made to me, I shall set a prompt date for trial before myself or before a referee or special master to be appointed by me.

VI. By the course hereinabove suggested orderly procedure. vis-a-vis the Indemnity Company will be ensured, and the ancillary dependent proceeding will remain wholly within the unitary control of the Judge who tried the main cause, which is a desirable objective. I think this is the best procedure under the circumstances here.

VII. I have signed and filed the order for judgment submitted in a form so corrected as, in my opinion, to provide for many of the purposes hereinabove outlined.

This order for judgment must be supplemented by an order, entitled in this cause, which must be entered providing for the ancillary dependent action above mentioned in accordance with the procedure hereinabove described.

Settle this supplementary order on the usual notice.