Hamilton Ward, J.
Motion by defendant that the damages sustained by the defendant by reason of a warrant of attachment be ascertained, determined and assessed by the court or by a referee to be appointed by the court, or by such means and in such manner as the court may determine and direct.
On or about October 2, 1957, plaintiff instituted the above-entitled action against the defendant by the service upon her of a summons and complaint together with a warrant of attachment, by virtue of which an automobile allegedly owned by the defendant was seized.
In connection with the warrant of attachment, the plaintiff caused to be executed and filed an undertaking by the .¿Etna Casualty & Surety Co., in the sum of $1,000 duly approved by Justice Regis O’Brien, under the terms of which the surety guaranteed that the plaintiff would pay to the defendant damages not exceeding said sum if the court vacated, set aside or annulled said warrant of attachment.
Attorney for the plaintiff has filed an affidavit in which he avers that after the said automobile was attached, defendant and the attorney for movant herein, and defendant’s mother appeared at the office of said attorney for the plaintiff, and that it was then and there represented that the mother was the actual owner of the said automobile; that the defendant had transferred the same to her mother for $250 before the action was commenced and the registration certificate of the automobile was exhibited, showing that the automobile had been so transferred by the defendant to her mother, and it was represented that the defendant had no interest or ownership in the automobile at the time of the commencement of the action. (There is no answering affidavit denying any of these averments.)
Thereafter, by notice of motion dated October 21, 1957, and on an affidavit of defendant’s attorney, verified the 28th day of October, 1957, with due proof of service thereof, the said defendant moved to vacate and annul the warrant of attachment upon the ground that plaintiff had failed to deliver or ■mail copies of the papers on which the warrant of attachment had been granted within the period, prescribed by section 906 of the Civil Practice Act. There was no appearance in opposition to said motion, which was thereafter granted by Justice Forhead by an order dated October 28, 1957. - The order *809 provided further that the plaintiff or his attorney pay the expense of the storage of the property “ of the defendant” resulting from the attachment.
Now the defendant moves this court that the damages sustained by the defendant by reason of the warrant of attachment be ascertained, determined and assessed by the court or by a referee to be appointed by the court, or by such means and in such manner as the court may determine and direct.
This motion is being made upon the undertaking, the other proceedings heretofore had herein and upon an affidavit of defendant’s attorney verified December 12, 1957. The affidavit is made on personal knowledge and avers that the defendant suffered damages because of the procuring by plaintiff of the said warrant of attachment ‘ ‘ seizing her Dodge car ” and avers further, that her damage consists of hiring a lawyer to set aside the warrant of attachment and loss of use of the car for the period from October 2, 1957 to October 28, 1957.
The question of law here is: When a warrant of attachment has been ordered vacated because of technical defect in procedure, may the defendant move, on notice to the plaintiff and surety, for the fixing summarily of damages resulting from seizure of his property?
The defendant has submitted a memorandum, citing as authority for his procedure the case of Olesen v. Fidelity & Deposit Co. of Maryland (147 Misc. 38 [Mun. Ct. of City of N. Y., 1932]). The other cases cited in defendant’s memorandum do not bear on this point. The plaintiff and the surety have not submitted any memorandum.
In the Olesen case, Olesen had been a defendant in a Supreme Court action entitled Donegan v. Olesen, in which action certain property of Olesen had been attached, and Donegan had filed a bond issued by the Fidelity & Deposit Co. of Maryland, which provided that Donegan would pay all costs which might be awarded and all damages which Olesen might sustain by reason of the attachment, not to exceed the sum of $250. Subsequently, the attachment was vacated and Olesen moved for an order appointing a referee to assess the damages, which motion was granted. Hearings were duly had; Olesen’s damages were fixed by the referee; and a motion was duly made to confirm the referee’s report which was granted. All of these proceedings were had upon notice to the surety.
The Supreme Court’s order of confirmation provided that Olesen had sustained damages in the sum of $750, and further ordered that the costs and disbursements of the reference *810 ($100 referee’s fee, plus the stenographer’s fees of $30.34 and $10 motion costs) be awarded to Olesen. Olesen sued the surety in the Municipal Court to recover not only $250 damages, but also $140.34 as costs and disbursements. In its opinion, the court wrote (pp. 39-40) as follows: “ Unquestionably, in a proceeding to ascertain damages on the ground that a warrant of attachment was improperly granted, the person against whom the warrant of attachment was granted is entitled to an order of reference to ascertain the damages sustained by reason of the granting of and the levy under the warrant of attachment. (Straus v. Guilhou, 80 App. Div. 50.) ”
The Straus case is the only authority cited by the court for the above statement. The Straus case, which was decided in 1903 by the Appellate Division of the First Department, involved an appeal from Special Term, New York County. The action had been commenced by the service of a summons by publication, and a warrant of attachment had been obtained against defendants’ property, under which a levy was made. Thereafter the defendants appeared specially for the purpose of moving to vacate the attachment and the order of publication. Intermediate the argument of the motion and its determination, the plaintiff applied ex parte for and obtained an order discontinuing the action and withdrawing the attachment. Subsequently, the defendant moved to modify the order of discontinuance by inserting therein a provision that the defendants be permitted to enter a judgment against the plaintiff dismissing the complaint. The order was granted and judgment entered dismissing the complaint, from both of which the plaintiff appealed.
The respondents contended that they were entitled to a judgment in order that they might recover damages sustained by reason of the levy under the warrant of attachment. The Appellate Division, all concurring, disagreed with this contention and wrote {supra, p. 52): “The discontinuance of the action without the consent of the defendants, and the withdrawal of the attachment, were equivalent to a final determination that the plaintiff was not entitled to the attachment, and the defendants thereupon became entitled to an order of reference to ascertain the damages they had sustained by reason of the granting of and levy under the iv arrant of attachment. (Pacific Mail Steamship Co. v. Toel 85 N. Y. 646; New York Central & H. R. R. R. Co. v. Village of Hastings, 9 App. Div. 256; Wynkoop v. Van Beuren, 63 Hun 500, 18 N. Y. Supp. 557; Water Co. v. Bissell, 78 Hun, 176; Manning v. Cassidy, 80 id. *811 127.) The discontinuance was in effect a final adjudication of the action and determined that the plaintiff was not entitled to the attachment, and this gave an immediate right of action upon the undertaking.” (Emphasis supplied.)
An examination of all of the cases cited by the court in the Straus case as authority for the above-italicized statement reveals, however, that all of the cases cited involved injunctions and none of them involved an attachment.
For over a hundred years, there has been statutory authority in New York State for such a summary proceeding in connection with the vacating of an injunction. (Code Civ. Pro., §§ 222, 224, adopted in 1851; Rev. Stat., part III, ch. I, tit. II, § 145.) The present statute, section 894 of the Civil Practice Act, still continues this procedure in connection with injunctions. However, I have been unable to find anywhere any statutes in effect at any time, past or present, authorizing the same or similar summary procedure on the vacating of a warrant of attachment.
It is to be noted, too, that even with respect to the vacating of injunctions, this procedure was to be used only after the final termination of the action, in which the temporary injunction had been ordered and then vacated. Thus, it has been held that the reference is premature upon the vacating of the temporary injunction (Slingerland v. Albany Typographical Union, 115 App. Div. 15) and should await the final determination by judgment that the plaintiff is not entitled to an injunction (Roberts v. White, 11 Jones & Sp. 455, affd. 73 N. Y. 375; Brown v. Utopia Land Co., 118 App. Div. 190).
"While there does not appear to have been any statutory authority for this procedure in attachment cases, there seems to have been authority derived from the common-law writ of scire facias. (47 Am. Jur., Scire facias, pp. 465-486.)
In Ballantine’s Law Dictionary (2d ed.), there appears the following statement about the writ of scire facias: “A writ of statutory origin (13 Edward I, chapter 45) used both as an original writ to obtain a judgment where none has before existed and as a writ of execution or continuation of a judgment previously entered. In the former case it is a new action, but in the latter, though it is attended with some of the qualities of an action, it is but the mode of obtaining execution in an action that has already terminated in a judgment.”
Also, in Webster’s New International Dictionary (2d ed.): * ‘ A judicial writ founded upon some matter of record and requiring the party proceeded against to show cause why the record should not be enforced, annulled, or vacated; also, *812 the proceeding so instituted. Scire facias is variously used, generally as supplemental to, or in continuation of, prior proceedings * * * It was rendered obsolete in England by the Judicature Acts, and in some States of the United States has been superseded by virtue of practice acts or codes.”
In New York State, the Code of Civil Procedure, adopted by the Legislature on July 10, 1851, specifically abolished scire facias by section 428. Thus, in Thurston v. King (1 Abb. Prac. 126, 127) the court said: “As the writ of scire facias is abolished, that ancient remedy can no longer be resorted to * * * Thus it was intended that no relief should be lost, but that the mode of obtaining it only should be Changed, and that that mode should be by action.”
To the same effect are: Catskill Bank v. Sanford (4 How. Prac. 100); Cameron & McKay v. Young (6 How. Prac. 372); Alden v. Clark (11 How. Prac. 209).
It would seem, therefore, that this procedure under the name of scire facias has been specifically abolished, except that the procedure was and still is expressly retained in our statutes with respect to injunctions. (Code Civ. Pro., §§222, 224, adopted in 1851, and § 894 present Civ. Prac. Act.)
Despite the fact that the procedure is expressly provided for by statute only in connection with injunctions, and there is no statutory authority for the procedure in connection with attachments, some New York courts have continued to permit and use the procedure in the latter cases. Thus in Reitmeister v. Reitmeister (N. Y. L. J., Sept. 22, 1948, p. 527, col. 4) the court wrote: ‘ ‘ Although defendant in order to recover upon the undertaking must bring an independent action, it is the well settled practice of the court to permit a reference to assess damages in the action in which the attachment was. obtained. If such damages are assessed upon notice to the surety, the assessment may be used in a subsequent action upon the undertaking. (New York Central v. Village of Hastings, 9 App. Div., 256; Steamship Co. v. Toel, 85 N. Y., 646; Straus v. Guilhou, 80 App. Div. 50 at page 52; see also Olesen v. Fidelity & Deposit Co. of Maryland, 147 Misc., 38).”
As has been pointed out above, the case of New York Cent. & Hudson Riv. R. R. Co. v. Village of Hastings and Pacific Mail Steamship Co. v. Toel (supra) were injunction cases, and were the authorities upon which the court in Straus v. Guilhou (supra) rested, which latter case, in turn, was relied upon as authority by the court in the Olesen case (supra).
*813 Another example where an attachment defendant moved' for an order of reference to assess damagés and costs on the vacation of a warrant of seizure is to be found in the case of Universal Credit Co. v. Blinderman (158 Misc. 917) where although the court denied the motion, the question of the propriety of the motion was not even raised and was not an issue.
Still another example is Kehaya v. Axton (32 F. Supp. 273) where the court held, however, that summary proceeding in the Federal court to recover under an attachment bond must await final judgment in the action in which the bond was furnished. The action had originally been brought in the New York State Supreme Court, where the bond was filed, and then transferred to the Federal District Court. The court permitted the summary proceedings although the writ of scire facias as .such has been abolished by subdivision (b) of rule 81 of the Federal Rules of Civil Procedure. It is of interest to note that the court said (32 F. Supp. 273, 275): “ Concededly, the New York Code of Civil Procedure,- explicit though it is in most details, does not prescribe the method of enforcing the damages to which the defendants are entitled under a plaintiff’s attachment bond.”
In the Kehaya case, the court pointed out that the same procedure, after judgment, had been devised and used in Universal Transp. Co. v. National Sur. Co. (252 F. 293), and the court stated further that its power to give judgment for damages on an attachment bond after a summary hearing is undoubted, citing Pease v. Rathbun-Jones Eng. Co. (243 U. S. 273).
The Pease case involved a summary proceeding to enter judgment upon a bond furnished upon an appeal. After affirmance on appeal, the judgment had been entered against the surety without any notice. The Supreme Court ruled that such summary proceeding had been introduced by statute in many States and that this practice was followed by Federal courts; that the surety was not apparently entitled, as a matter of law, to notice, although giving notice was the usual procedure and that the surety was not entitled to any jury trial, since by becoming a surety, the surety submits himself ‘ ‘ to be governed by the fixed rules which regulate the practice of the court.”
While in the Federal courts and in some State jurisdictions, the procedure contended for herein may be authorized by statute, court rule, or by judicial sanction based upon the common-law writ of scire facias, there is at present no statutory, court rule or other authority for such procedure in New *814 York State except that some courts in the New York City area customarily permit the procedure.
I am of the opinion that such proceeding is without sanction and should be discouraged.
The motion is denied, with $10 costs to the plaintiff.